## SAMUEL F. BELL, TRUSTEE *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued May 6—decision released June 28, 1977

*Alan H. Senie,* with whom were *J. Peter LaChance* and, on the brief, *Jack Stock,* for the appellant (plaintiff).

*Keith D. Dunnigan,* for the appellee (defendant).

PER CURIAM. This is an appeal from the denial of an application for a special permit for the construction of a multifamily dwelling project in the town of Westport. The Court of Common Pleas rendered judgment dismissing the appeal. From that judgment and on the granting of certification, the plaintiff appealed to this court, assigning error in the conclusions reached by the court.

On June 25, 1975, the plaintiff filed an application with the defendant commission for a special permit for the construction of a multifamily dwelling project for the elderly pursuant to the provisions of amendment 80[1] of the Westport zoning regulations. The commission refused to assign the appli-

[1] "ZONING AMENDMENT #80
ELDERLY HOUSING REGULATIONS

|  | Westport P & Z Commission |
|---|---|
| Public Hearing: | 2/13/75 |
| Adopted: | 3/20/75 |
| Effective: | 3/26/75 |

Section 15-2 Uses

O. *Elderly Housing*

The purpose of this Section of the regulations is to promote the public health, safety and general welfare of the community by providing decent, safe and sanitary housing units for elderly persons at reasonable rents, to assure housing facilities specially adapted for elderly persons as a public use in the public interest, and to allow multiple-family housing for elderly persons within the Town of Westport subject to securing a Special Permit as provided in Chapter 38 of these regulations and in accordance with the appropriate standards, conditions and safeguards as hereinafter specified.

In order to afford the opportunity to the Westport Housing Authority to provide 'Housing for Elderly Persons' under Sec. 8-112A, et seq. of the Connecticut General Statutes, housing for the elderly shall be permitted as a municipal use subject to securing a

cation for a hearing. As a result of that refusal, the plaintiff instituted a mandamus action. Thereafter, a stipulation was reached wherein the commission agreed to give the plaintiff a hearing on the application. On September 4, 1975, the commission held a hearing and, on October 2, 1975, denied the application.

One of the reasons given for the denial of the application was that the commission "hereby deems . . . [the] application for a Special Permit, dated June 25, 1975, to construct 60 multifamily units to be inconsistent with the provisions of Zoning Amendment No. 80 and to be improperly submitted to this Commission."

In dismissing the appeal, the trial court concluded that "[s]ince the provisions of Amendment 80 are limited to applications filed by the Westport Housing Authority for the benefit of low and moderate income persons within the category enumer-

Special Permit, pursuant to Chapter 38, herein, subject to the provisions of paragraphs a, b, c, d, e, f, & g in Section 15-2-D-(1), and subject to the following additional standards, conditions and safeguards:

(1) *Permitted Uses.* Construction of residential dwelling units for the elderly under this Section shall be permitted for detached dwellings, semi-detached dwellings and attached dwellings such as garden apartments and town houses, but not for hotels, motels, rooming, boarding & lodging houses or tourist homes. Each dwelling unit shall have one (1) or two (2) bedrooms. No dwelling unit shall have more than two bedrooms. Libraries, dens, studios or other similar rooms in any dwelling unit shall be construed to be bedrooms.

(2) *Accessory Uses.* Necessary accessory buildings, structures and uses including, but not limited to, facilities for maintenance, administration, off-street parking, storage facilities, and those facilities necessary to the operation of utility systems serving the development may be permitted.

(3) *Location.* Any development site shall be so situated that necessary facilities such as, but not limited to, medical, shopping, and public transit are easily accessible to the occupants of such developments. All buildings shall be connected to public sewer and

ated, the plaintiff's application was a nullity and this court is without jurisdiction to determine the appeal."

The dispositive issue, then, is whether zoning amendment 80 limits the construction of multifamily dwellings for the elderly to the Westport Housing Authority.

"The basic rule of statutory construction is to ascertain the intention of the law-making body. *Bridgeman* v. *Derby,* 104 Conn. 1, 8, 132 A. 25; *Hazzard* v. *Gallucci,* 89 Conn. 196, 198, 93 A. 230. If the enactment is unambiguous, there is no occasion to construe it. *Watrous* v. *Connelly,* 141 Conn. 257, 263, 105 A.2d 654; *Swits* v. *Swits,* 81 Conn. 598, 599, 71 A. 782. It speaks for itself." *Wilson* v. *West Haven,* 142 Conn. 646, 654, 116 A.2d 420.

public water. All sites shall have direct access to an improved public road.

(4) *Site Area.* Each development site shall have a minimum lot area of one (1) acre (43,560 sq. ft.) and shall be of such shape that a rectangle (150' x 150') will fit on the lot.

(5) *Density.* The maximum number of dwelling units shall not exceed twenty-five (25) bedrooms per acre.

(6) *Setbacks.* Setbacks for building and other structures shall be determined by the Commission and shall include a minimum thirty foot (30') front landscape area.

(7) *Coverage.* The lot coverage shall not exceed sixty-five percent (65%) of the site area including buildings, structures, walks, parking areas and driveways. The building coverage shall not exceed twenty-five percent (25%) of the site area.

(8) *Distance Between Buildings.* Each building, principal or accessory, shall be at least 20 ft. distant from any other building on the lot, as measured in a straight line between the nearest points of any two buildings.

(9) *Height.* The maximum building height shall be thirty-five (35) feet or two stories.

(10) *Dwelling Unit Design.* Each dwelling unit shall be designed and constructed to provide the necessary features that contribute to the safety, convenience and aid to the residents.

(11) *Recreation Area.* Suitably equipped and adequately maintained recreation and open space shall be provided. A minimum of one hundred fifty (150) square feet of usable open space shall be

Zoning amendment No. 80 constitutes an addition to section 15-2 of the Westport zoning regulations, which sets forth the permissible uses of property located within residential districts. The amendment establishes elderly housing projects as a permitted use if constructed in compliance with certain conditions. An examination of the amendment reveals that it consists of a two-paragraph preamble and seventeen specific standards, conditions and safeguards.

provided per dwelling unit. Recreation areas shall be well designed to impart a sense of containment or security and to provide group privacy.

(12) *Landscaping & Screening.* All buildings, structures and off-street parking areas shall be adequately screened from adjoining streets and properties with suitable landscaping and/or fencing.

(13) *Off-street parking.* There shall be provided at least 0.5 parking spaces for each dwelling unit.

(a) Walks, ramps and driveways shall be designed to prevent slipping or stumbling. Handrails and ample places for rest shall be provided. Gradients of walks shall not exceed five percent (5%).

(b) All parking areas and active recreation areas shall be not less than ten (10) feet from any building or thirty (30) feet from any front lot line and ten (10) feet from any rear and side lot lines. Open parking areas, including accessways and driveways, shall be paved with hard-top surface upon a suitable subgrade in accordance with Town standards. The pavement area shall be adequately drained so as to prevent excessive accumulations of water, snow and ice.

(c) There shall be provided a safe and convenient system of drives, service access roads and walks, designed with such items as handrails and ramps. Such facilities shall be adequately lighted and said lighting shall not be directed onto adjacent streets or properties.

(14) *Refuse Areas.* Refuse collection areas shall be established and conveniently located for all units. The collection areas shall be properly screened and supplied with covered receptacles.

(15) *Application Fee.* Elderly housing under this Section shall be considered a public use and shall not require an application fee.

(16) *Site Plan.* Site Plan and Building Plans shall be required in accordance with Section 28-2 of the Westport Zoning Code.

(17) *Approval of Plans.* The approval of plans shall be required in accordance wtih Section 28-3 of the Westport Zoning Code."

The first paragraph of the preamble sets out the three purposes of the section: to promote the general welfare by providing appropriate housing for the elderly, "to assure housing facilities specially adapted for elderly persons as a public use," and to allow construction of housing for the elderly "subject to securing a Special Permit as provided in Chapter 38 of these regulations and in accordance with the appropriate standards, conditions and safeguards."

The second paragraph of the preamble expresses the purpose to *"afford the opportunity* to the Westport Housing Authority to provide 'Housing for Elderly Persons [emphasis added]' " and sets forth the additional requirements the authority must comply with if such housing is to be a municipal use. Not only must the authority secure a special permit subject to chapter 38 and the seventeen provisions, it must also secure the permit "subject to the provisions of paragraphs a, b, c, d, e, f, & g in Section 15-2-D-(1)."

The language of the amendment is clear and unambiguous. There is no language in the amendment limiting construction of elderly housing to the Westport Housing Authority. Indeed, in view of the establishment of two methods of obtaining the necessary special permit, the second method being applicable only to the authority, we conclude that amendment 80, as adopted, does not limit the issuance of such permits to the Westport Housing Authority.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.