STATE OF CONNECTICUT *v.* KENNETH D. CAMPBELL

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and DALY, Js.

Argued March 4—decision released May 13, 1980

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellant (state).

*Martin Epstein,* assistant public defender, for the appellee (defendant).

BOGDANSKI, J. Upon entering a plea of nolo contendere to a charge of assault of a victim sixty years of age or older in violation of Public Acts 1977, No. 77-422 § 4 (now General Statutes § 53a-61a), the defendant was found guilty and sentenced to a term of imprisonment of one year. In imposing the sentence the trial court concluded that the legislature had mandated a minimum nonsuspendible sentence of one year for the crime charged. The defendant appealed to the Appellate Session of the Superior Court which reversed the trial court, concluding that No. 77-422 of the 1977 Public Acts did not preclude the imposition of a penalty other than a term of imprisonment of one year. Upon the granting of the state's petition for certification, this appeal followed.

The crime for which the defendant stands convicted is punishable as a class A misdemeanor. General Statutes § 53a-61a.[1] Section 6 of Public Acts

---

[1] "[General Statutes] Sec. 53a-61a. ASSAULT OF A VICTIM SIXTY OR OLDER IN THE THIRD DEGREE. CLASS A MISDEMEANOR. (a) A person is guilty of assault of a victim sixty or older in the third degree, when he commits assault in the third degree under section 53a-61 and

1977, No. 77-422 amended § 53a-36[2] to provide that when a person is found guilty under § 53a-61a "the minimum term shall be not less than one year and such sentence shall not be suspended or reduced."

Section 53a-28[3] of the General Statutes, the general penalty section, outlines eight sentencing options available for violations of the Penal Code (title 53a). Six of these options involve the imposition of a term of imprisonment. Of the remaining two options, one involves a fine and the other an

---

the victim of such assault has attained at least sixty years of age or is blind or physically disabled, as defined in section 1-1f.

(b) No person shall be found guilty of assault in the third degree and assault of a victim sixty or older in the third degree upon the same incident of assault but such person may be charged and prosecuted for both such offenses upon the same information.

(c) Assault of a victim sixty or older in the third degree is a class A misdemeanor."

[2] "[General Statutes] Sec. 53a-36. IMPRISONMENT FOR MISDE-MEANOR: MAXIMUM AND MINIMUM SENTENCES. A sentence of imprisonment for a misdemeanor shall be a definite sentence and the term shall be fixed by the court as follows: (1) For a class A misdemeanor, a term not to exceed one year except that . . . when a person is found guilty under section 53a-61a, the minimum term shall be not less than one year and such sentence shall not be suspended or reduced . . . ."

[3] "[General Statutes] Sec. 53a-28. AUTHORIZED SENTENCES. (a) Except as provided in chapter 359, to the extent that such chapter is inconsistent herewith, every person convicted of an offense shall be sentenced in accordance with this title.

(b) Except as provided in sections 53a-45, 53a-46a, 53a-54b and 53a-92, when a person is convicted of an offense, the court shall impose one of the following sentences: (1) A term of imprisonment; or (2) a sentence authorized by sections 18-65a or 18-73 or (3) a fine; or (4) a term of imprisonment and a fine; or (5) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge; or (6) a term of imprisonment, with the execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a fine and a period of probation, or a period of conditional discharge; or (7) a fine and a sentence authorized by section 18-65 or 18-73; or (8) a sentence of unconditional discharge. . . ."

unconditional discharge. In certain cases, such as those involving violations of the drug laws under chapter 359 or convictions of class A felonies such as murder or kidnapping, other statutory sentencing provisions apply. In all other cases, the sentencing options of § 53a-28 apply unless restricted by some other statutory provision.

The issue on this appeal[4] is whether the trial court, in sentencing a defendant convicted of assault of a person sixty or older, has the option of imposing either a fine or a sentence of unconditional discharge, or a one year mandatory nonsuspendible term of imprisonment.[5]

[4] The defendant does not dispute the legitimacy of the legislature prescribing mandatory minimum sentences for certain categories of offenses. See *State* v. *Darden*, 171 Conn. 677, 372 A.2d 99 (1976) (upholding the constitutionality of the mandatory minimum sentence for robbery in the second degree); *McQuoid* v. *Smith*, 556 F.2d 595 (1st Cir. 1977) (upholding the constitutionality of Massachusetts' mandatory minimum sentence for gun law violations).

[5] Section 53a-36 of the General Statutes also provides for a mandatory term of imprisonment for the crime of assault when with criminal negligence, the defendant "causes physical injury to another person by means of a deadly weapon or a dangerous instrument." General Statutes § 53a-61 (a) (3). Section 53a-35 of the General Statutes provides for mandatory nonreducible, nonsuspendible sentences for the crimes of (1) assault "[w]ith intent to cause serious physical injury to another person, [the defendant] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument"; General Statutes § 53a-59 (a) (1); (2) assault of a victim sixty or older or blind or physically disabled under circumstances which would constitute an assault in the first degree under General Statutes §§ 53a-59 (a) (2) or 53a-59 (a) (3); General Statutes § 53a-59a; (3) burglary in the first degree if the defendant was armed at the time of the crime, General Statutes § 53a-101 (a) (1); (4) robbery in the first degree if the defendant was armed with a deadly weapon at the time of the crime; General Statutes § 53a-134 (a) (2); (5) assault in the second degree with a firearm if the victim is sixty or older or blind or physically disabled; General Statutes § 53a-60c; and (6) assault in the second degree or larceny in the second degree if the victim is sixty or older or blind or physically disabled. General Statutes § 53a-60b.

The Appellate Session of the Superior Court, disagreeing with the trial court, ruled that it is only when the court decides to impose a sentence of imprisonment that it is bound by the legislative mandate in § 53a-36; otherwise the trial court has the option of imposing a sentence of unconditional discharge or a fine as provided in § 53a-28. According to the Appellate Session, the trial court had the option of releasing the defendant, with no conditions attached to that release,[6] imposing a fine in an amount not to exceed $1000,[7] or imposing a nonsuspendible term of imprisonment of one year. The Appellate Court's ruling was implicitly based on its conclusion that no ambiguity in the statutory scheme resulted from enactment of Public Acts 1977, No. 77-422 and that therefore it was not necessary to determine legislative intent. We disagree.

It is a fundamental principle of statutory construction that statutes are to be construed so that they carry out the intent of the legislature. *Bell* v. *Planning & Zoning Commission,* 173 Conn. 223, 227, 377 A.2d 299 (1977); *Sillman* v. *Sillman,* 168 Conn.

---

[6] "[General Statutes] Sec. 53a-34. UNCONDITIONAL DISCHARGE: CRITERIA; EFFECT. (a) The court may impose a sentence of unconditional discharge in any case where it is authorized to impose a sentence of conditional discharge under section 53a-29, if the court is of the opinion that no proper purpose would be served by imposing any condition upon the defendant's release.

(b) When the court imposes a sentence of unconditional discharge, the defendant shall be released with respect to the conviction for which the sentence is imposed without imprisonment, probation supervision or conditions. A sentence of unconditional discharge is for all purposes a final judgment of conviction."

[7] "[General Statutes] Sec. 53a-42. FINES FOR MISDEMEANORS. A fine for the conviction of a misdemeanor shall be fixed by the court as follows: (1) For a class A or B misdemeanor, an amount not to exceed one thousand dollars . . . ."

144, 147, 358 A.2d 150 (1975); *Whitfield* v. *Empire Mutual Ins. Co.,* 167 Conn. 499, 506, 356 A.2d 139 (1975). In determining the true meaning of a statute when there is genuine uncertainty as to how it should apply, identifying the problem in society to which the legislature addressed itself by examining the legislative history of the statute under litigation is helpful. Sutherland, Statutory Construction (4th Ed.) § 45.02; *Lee* v. *Lee,* 145 Conn. 355, 143 A.2d 154 (1958).

It is indisputable that the problem which the legislature addressed was violent crimes against those most vulnerable and least able to resist. Representative Robert G. Gilligan in speaking in favor of the bill outlined the reasons for distinguishing between persons sixty and over and those younger. "In the first place, older persons are more likely to live alone and travel alone and that isolation tends to increase their vulnerability to crime. Further, older persons have diminished physical strength and stamina and, therefore, are less able to defend themselves or to escape from threatening situations. Three, older persons are more likely to suffer from physical ailments such as loss of hearing or sight or arthritis which makes them more vulnerable. Four, older persons are more easily injured since their bones are more brittle and slower to recover from their injuries. Five, older persons are more likely to be dependent upon walking or public transportation and, therefore, are more exposed to assault. Six, the dates of receipt of monthly pension and benefit checks are widely known increasing the likelihood that older persons will be carrying cash and the likelihood of assault at regular intervals." 20 H.R. Proc., Pt. 7, 1977 Sess., pp. 2896–97. The

legislature clearly felt that the imposition of mandatory minimum terms of imprisonment would have a deterrent effect on the commission of such crimes.[8]

Moreover, the law favors rational and sensible statutory construction. Sutherland, supra, § 45.12. The unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result. *Commissioner of Internal Revenue* v. *Brown,* 380 U.S. 563, 571, 14 L. Ed. 2d 75, 85 S. Ct. 1162 (1965); *Citerella* v. *United Illuminating Co.,* 158 Conn. 600, 609, 266 A.2d 382 (1969); see also *Stanley* v. *Justice Court for Auburn Judicial District of Placer County,* 55 Cal. App. 3d 244, 127 Cal. Rptr. 532 (1976); *McAdams* v. *Barbieri,* 143 Conn. 405, 123 A.2d 182 (1956); *Bergner* v. *State,* 144 Conn. 282, 130 A.2d 293 (1957). When the literal meaning of an act is ambiguous, the construction which will accord reasonable meaning rather than an absurd one is preferred. "When two constructions are possible, courts will adopt the one which makes the statute effective and workable, and not one which leads to difficult and possibly bizarre results"

---

[8] "The new crimes would carry the same authorized sentences as comparable assaults against nonelderly persons, but would require the imposition of a nonsuspendible minimum term of imprisonment. Of course, this bill is directed at trying to stop these assaults upon people who are blind and elderly and disabled who cannot defend themselves." Senator Salvatore C. DePiano, 20 S. Proc., Pt. 7, 1977 Sess., p. 2822. "[T]he notion of a mandatory, nonsuspendible, minimum sentence in these cases is justified and I hope it plays some part in deterring the commission of these crimes." Senator Joseph I. Lieberman, 20 S. Proc., Pt. 7, 1977 Sess., pp. 2823–24. The intent of the legislature was clearly to "impose more stringent penalties upon persons committing various types of violent crimes against victims who are over the age of sixty along with blind and physically handicapped persons." Representative Robert G. Gilligan, 20 H.R. Proc., Pt. 7, 1977 Sess., p. 2896.

*Muller* v. *Town Plan & Zoning Commission,* 145 Conn. 325, 331, 142 A.2d 524 (1958); *Milano* v. *Warden,* 166 Conn. 178, 187, 348 A.2d 590 (1974). Thus courts are warranted in assuming a reasonable and rational result was intended by the legislature. *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 4, 363 A.2d 1386 (1975).

By providing for a mandatory one year term of imprisonment, which term may not be suspended or reduced, for the crime of assault in the third degree where the victim is sixty or over the legislature clearly expressed its intent to punish one convicted of that crime more severely than one convicted of assault in the third degree where the victim is under sixty. To conclude that the legislature intended that the sentencing court would have the discretion to sentence one convicted of assault on an elderly person to an unconditional discharge—the most lenient sentence possible—or to an unsuspendible one year term of imprisonment—the most severe sentence possible—would be to thwart the legislature's purpose of punishing more severely those convicted of crimes against a class of victims in especial need of protection.

We therefore hold that one convicted of third degree assault of a person sixty or over must be sentenced to a one year term of imprisonment as provided for in § 53a-36 of the General Statutes.

There is error, the judgment of the Appellate Session of the Superior Court is set aside and the case remanded with direction to render judgment in accordance with the decision of the trial court.

In this opinion the other judges concurred.