STATE OF CONNECTICUT *v.* DOUGLAS ANTRUM

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued June 10—decision released July 28, 1981

*Peter A. Kelly,* for the appellant (defendant).

*Roland D. Fasano,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

ARMENTANO, J.   The defendant, Douglas Antrum, seeks dismissal of the charges against him, claiming that he was not brought to trial within the time limitation fixed by General Statutes § 54-139 (a) (now § 54-82c [a]).[2]

[2] Section 54-139 (Rev. to 1979) of the General Statutes provided, in part:

"Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried . . . information . . . he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney . . . his request for final disposition . . . provided, for good cause shown in open court . . . the court may grant any necessary or reasonable continuance . . . ."

The sequence of events was as follows: After commencing a term of state imprisonment for an unrelated offense, the defendant received notice of an outstanding warrant on a charge of robbery in the second degree. He signed a formal application for a speedy trial, which application became effective on January 9, 1980,[3] requiring the state to bring the case to trial within 120 days thereafter. General Statutes § 54-139(a). On April 24, 1980, Evans Jacobs, the attorney for the defendant, was permitted to withdraw because of a change in position, and the matter was referred to the public defender's office. At that time the state was ready to proceed with the trial. The trial court tolled the 120-day period "until such time as the Public Defender's Office makes known to the State's Attorney's Office that he is prepared to start trial." On June 2, 1980, Douglas Nash, a public defender, filed his appearance for the defendant and on July 17, 1980, filed a motion for speedy trial on constitutional grounds. The trial court granted the motion for speedy trial, which was unopposed by the state, on July 29, 1980, and further directed that the case go "before Judge Hadden, when they finish a murder case."

On August 8, 1980, Nash was permitted to withdraw because of a conflict of interest, subject to new counsel's being appointed. Again the state was ready to proceed to trial. The trial court directed that a special public defender be appointed no later than August 15, 1980, and tolled the statutory period "until new counsel is appointed and that counsel is ready to proceed." Moreover, the trial court stated that "whoever is appointed as special public

[3] The statutory period begins running from the time the defendant completes delivery of his request for a speedy trial. *State* v. *Springer,* 149 Conn. 244, 250, 178 A.2d 525 (1962).

defender will be told that this case should proceed as rapidly as possible and it's to be anticipated that . . . the trial will begin prior to the end of August."

A special public defender, Peter A. Kelly, was appointed on August 12, 1980, and on September 2, 1980, the trial began. The defendant filed a motion to dismiss the information on the ground that he was not brought to trial within the 120-day limit imposed by General Statutes § 54-139. The motion was denied on September 9, 1980. In denying the motion, the court found that the 120-day period was tolled from April 24 to July 29, 1980, and from August 8 to September 2, 1980, and that the trial had been brought 115 days after the statutory period began to run. After the court denied the motion to dismiss, the defendant pleaded guilty to robbery in the second degree. The defendant has appealed from the denial of his motion to dismiss, claiming that the continuances granted were neither reasonable nor necessary and that, therefore, he was entitled to dismissal of the charges against him pursuant to General Statutes § 54-140 (now § 54-82d), and the Connecticut and United States constitutions.

The defendant's first claim of error is that he is statutorily entitled to a dismissal of the charges against him. Under General Statutes § 54-140, if a criminal trial is not assigned within the statutory period set under § 54-139(a), the case must be dismissed.[4] General Statutes § 54-139(a) mandated that the state bring a criminal defendant to trial within 120 days of the defendant's filing of a request

[4] General Statutes § 54-140 (now § 54-82d) provided: "If the action is not assigned for trial within the period of time as herein provided, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."

for speedy trial. The 120-day period, however, may be tolled "for good cause shown in open court" by "necessary or reasonable continuance[s]." Whether the two tolling periods in this case were "necessary or reasonable" are the issues presented. Because "reasonable" continuances would satisfy the statutory requirement, we need not consider whether the continuances were also "necessary."

In construing language of the General Statutes, the "commonly approved usage" should control. General Statutes § 1-1(a); *Caldor, Inc.* v. *Heffernan,* 183 Conn. 566, 570, 440 A.2d 767 (1981). " 'Reasonable' is a relative term which varies in the context in which it is used, and its meaning may be affected by the facts of the particular controversy. 36 Words & Phrases (1959 Sup.). It is also synonymous with '[e]quitable, fair, just.' Webster, New International Dictionary (2d Ed.); *Thompson* v. *Beacon Valley Rubber Co.,* 56 Conn. 493, 498, 16 A. 554 [1888]." *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463 (1959).

The first tolling period was between April 24, 1980, when the defendant's first counsel withdrew, and July 29, 1980, when the trial court granted the defendant's motion for speedy trial. The defendant does not dispute that a continuance was proper; what the defendant contends is that the duration of the tolling period was unreasonable. According to the continuance order, the termination of the tolling was entirely within the control of the defendant. The public defender need only have notified the state's attorney that he was ready for trial and the period would have been reinstated. At all times during the tolling the state was ready to proceed and the defendant's rights were protected. Only

upon the court's disposition of the motion did the state's attorney know that the defendant was ready to proceed. Under these circumstances, it was reasonable for the court to have tolled the statute.

The second tolling period was between August 8, 1980, when the second defense counsel withdrew, and September 2, 1980, the date of trial. In granting the continuance, the trial court had ordered that the statute be tolled until new counsel was appointed and ready to proceed. After his appointment on August 13, 1980, defense counsel did nothing to signify his readiness for trial until he appeared in court on September 2, 1980. At all times during the tolling the state was ready to proceed, and it is undisputed that the defendant was adequately represented by counsel. The tolling was, therefore, reasonable.

When reviewing the grant of continuances which toll the statutory period within which to bring a criminal case to trial, this court will find error only if a clear abuse is shown of the trial court's discretion in finding that a continuance is necessary or reasonable. See *State* v. *Best,* 171 Conn. 487, 492, 370 A.2d 1035 (1976). There was no abuse of discretion shown in the present case.

The defendant also perfunctorily claims that the denial of the motion to dismiss violates "his state and federal constitutional rights to due process of law." We have considered this claim and hold that, because the trial court granted reasonable continuances and had proper jurisdiction over the defendant, the defendant's constitutional rights were not violated.

There is no error.

In this opinion the other judges concurred.