[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR ACCELERATED PRETRIAL REHABILITATION
The defendant has been charged with, inter alia, a violation of Connecticut General Statutes Sec. 14-223b, Failure to Bring Motor Vehicle to Full Stop When Signalled. That statute provides, in pertinent part: "No person, when signalled to stop by an officer in a police vehicle using an audible signal device or flashing or revolving lights, shall increase his speed in an attempt to escape or elude such police officer. Any person who violates this subsection shall be fined not less than five hundred dollars nor more than one thousand dollars and shall have his motor vehicle operator's license suspended for one year for the first offense, except that the commissioner of motor vehicles may, after a hearing, as provided for in subsection (k) of section 14-111, and upon a showing of compelling mitigating circumstances, reinstate his license before the expiration of such one-year period. For any subsequent offense he shall be fined not less than one thousand dollars nor more than five thousand dollars, and shall have his motor vehicle operator's license suspended for not less than eighteen months nor more than two years, except that said commissioner may, after a hearing, as provided for in subsection (k) of section 14-111, and upon a showing of compelling mitigating circumstances, reinstate his license before such period."
The defendant has applied for Accelerated Rehabilitation pursuant to Connecticut General Statutes Sec. 54-56e, which provides, in pertinent part: "There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime or a motor vehicle violation for which a sentence to a term of imprisonment may be imposed, which crime or violation is not of a serious nature . . ." (Emphasis added).
The defendant acknowledges, as he must, that Connecticut General Statutes Sec. 14-223b does not provide for the possibility of a sentence of imprisonment, but he argues that the legislature intended for violations of this nature to be included within the ambit of Accelerated Rehabilitation. For CT Page 568 this proposition, he relies heavily on State v. Guckian,226 Conn. 191 (1993). This case, however, stands for the proposition that a violation of Connecticut General Statutes Sec. 14-215 (c) is a "crime" for purposes of qualifying for suspension of prosecution and/or substance abuse treatment under Connecticut General Statutes Sec. 17a-648 through 17a-658. It does not truly advance the inquiry upon which resolution of this case hinges.
Implicit to the defendant's argument is the point, and the point is well taken, that one consequence of a conviction of Connecticut General Statutes Sec. 14-223b, namely mandatory motor vehicle operator's license suspension for up to one year, is substantially harsher than the rarely executed theoretical exposure to incarceration attendant to those motor vehicle violations "for which a sentence to a term of imprisonment may be imposed." He therefore claims that he should be eligible for the benefits of this rehabilitative program. When a statutory scheme is remedial in nature, it must be "liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) State v. Anderson, 220 Conn. 400, 404, 599 A.2d 738
(1991).
But did the legislature in fact intend to benefit one charged with a violation of this statute or of any statute which does not provide for a sentence of imprisonment? The defendant argues that it did, but the support, cited in his Memorandum of Law, which he claims to find for this proposition in the legislative history of the Accelerated Rehabiliation [Rehabilitation] legislation is feeble. Moreover, even if that history could be construed as helpful to the defendant, it is by no means clear that this court should even consider it.
"The primary rule of statutory construction is that `[i]f the language of the statute is clear, it is assumed that the words themselves express that intent of the legislature; Houston v. Warden, 169 Conn. 247, 251,363 A.2d 121 (1975); Hurlbut v. Lemelin, 155 Conn. 68, 73, 230 A.2d 36
(1967); and thus there is no need to construe the statute. Bell v. Planning and Zoning Commission, 173 Conn. 223, 226,377 A.2d 299 (1977); Houston v. Warden, supra 251; Hartford Hospital v. Hartford, 160 Conn. 370, 375-76, 279 A.2d 561
(1971).'" State v. Smith, 194 Conn. 213, 221, (1988), quoting Anderson v. Ludgin, 175 Conn. 545, 552, 400 A.2d 712 (1978). CT Page 569
"The words of [a] statute `are to be given their commonly approved meaning, unless a contrary intent is clearly expressed.' Holmquist v. Manson, 168 Conn. 389, 393,362 A.2d 971 (1975); State v. Antrum, 185 Conn. 118, 122, 440 A.2d 839
(1981); General Statutes 1.1" State v. Kish, 186 Conn. 757,764, 443 A.2d 1274 (1982).
It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. Caltabiano v. Planning and Zoning Commission, 211 Conn. 662, 666,560 A.2d 975 (1989). Vaillancourt v. New Britain Machine/Litton,224 Conn. 3822 (1993).
"`In construing any statute we seek to ascertain and give effect to the apparent intent of the legislature.' United Illuminating Co. v. Groppo, 220 Conn. 749, 755,601 A.2d 1005 (1992). `[W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent.' American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 193, 530 A.2d 171 (1987).
"Two long-standing rules of statutory construction are that a court may not by construction supply ommissions in a statute simply because it appears that good reasons exist for adding them; State v. Baker, 195 Conn. 598, 602, 489 A.2d 1041
(1985); and that a court must construe a statute as it finds it, without reference to whether it thinks the statute would have been or could be improved by the inclusion of other provisions. Johnson v. Manson, 196 Conn. 309, 315,493 A.2d 846 (1985)." Battersby v. Battersby, 218 Conn. 467, 470-1,590 A.2d 427 (1991).
To be sure, if the legislature wished to include statutes such as Connecticut General Statutes Sec. 14-223b within the purview of Accelerated Rehabilitation, it could have done so. It is instructive, for example, that no such limitation regarding jailable offenses exists within Connecticut General Statutes Sec. 54-76b, et seq., the Youthful Offender statutes, which define "youthful offender" as "a youth who is charged with the commission of a crime which is not a violation of section 53a-70a or a class A felony, who has not previously been convicted of a felony or been previously adjudged a CT Page 570 youthful offender, or been afforded a pretrial program for accelerated rehabilitation under section 54-56e, and who is adjudged a youthful offender pursuant to the provisions of said sections . . ." Guckian, supra, would therefore suggest that motor vehicle violations are included within the offenses which are eligible for Youthful Offender consideration. Although there are a number of specific offense categories that are excluded from Youthful Offender consideration; however, those that do not carry the possibility of a sentence of imprisonment are not among them.
Similarly, Connecticut General Statutes Sec. 17a-653 (b) gives the trial court the power to waive the ineligibility provisions of the substance abuse treatment statutes for persons charged with class A, B, or C felonies, and violations of General Statutes 14-227a (operating a vehicle while under the influence of drugs or alcohol) and 53a-60d (assault in the second degree with a motor vehicle). The Accelerated Rehabilitation statute contains no such procedure for a waiver of ineligibility. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." (Internal quotation marks omitted.) State v. Kish, 186 Conn. 757, 766, 443 A.2d 1274 (1982).
The defendant has offered no authority for the proposition that the absence of a legislative preclusion from consideration of non-jailable offenses under one statute requires its judicially imposed absence from another. To the contrary, the distinction suggests a conscious choice on the part of the legislature, an intention which this court is bound to carry out.
It is manifest that the legislature intended to exclude crimes not punishable by imprisonment from the purview of the Accelerated Rehabilitation statute. It has done so in the clearest possible terms. This court has no authority to ignore that clearly expressed intent, and the Application for Accelerated Rehabilitation, to the extent that it was intended to apply to the count of the Information charging a violation of Connecticut General Statutes Sec. 14-223b, is therefore denied.
Jonathan E. Silbert, Judge CT Page 571