[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiff, an employee of the City of New Haven, while acting within the scope of his employment, was injured in an automobile accident involving an uninsured motorist. The plaintiff has received workers' compensation payments for his injuries. He has also brought this action against the City of New Haven to collect uninsured motorist benefits from the City. The City has interposed three special defenses which, although inartfully drafted, add up to the assertion that the City is not obligated to provide uninsured motorist coverage to its employees and that workers' compensation is the plaintiff's exclusive remedy with respect to the City.[1] The plaintiff has now moved to strike all three special defenses.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."' NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS. Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
General Statutes § 38a-371 (a)(1) provides that, "[t]he owner of a private passenger motor vehicle required to be registered in this state shall provide and continuously maintain throughout the registration period security in accordance with section 38a-334 to section 38a-343, inclusive." Connecticut General Statutes § 38a-371 (b) and (c) permit such security to be provided either by a policy of insurance issued by a company licensed to provide such insurance or by self-insurance.
Although the concept of an "insurer" as defined in General Statutes § 38a-363 (b) includes a "self-insurer", the statutes requiring the provision of uninsured motorist coverage, by their own terms, apply only to "automobile liability insurance polic[ies]" and "insurers licensed to write automobile liability insurance in the state." General Statutes § 38a-336 (a)(1) provides that, "[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured CT Page 9890 motorist coverage . . . . Each insurer licensed to write automobile liability insurance policy shall provide uninsured and underinsured motorists coverage . . ." Although this statute is replete with specific references to insurance companies and insurance policies, there no specific reference to a self-insurer.Inclusio unius est exclusio alterius. Thus, in short, although the owner of any passenger motor vehicle must provide "security", whether by a motor vehicle liability insurance policy written by a licensed provider or through self-insurance, it is only policies of insurance written by licensed providers that must also provide uninsured motorist coverage. If the legislature had wished to require that a self-insurer provide uninsured and or underinsured motorists coverage, it could easily have done so. If the legislature wishes to require that a self-insurer provide uninsured and or underinsured motorists coverage, it can easily do so. It is not for this court to usurp that role.
"The primary rule of statutory construction is that `[i]f the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature; Houston v.Warden, 169 Conn. 247, 251, 363 A.2d 121 (1975); Hurlbut v.Lemelin, 155 Conn. 68, 73, 230 A.2d 36 (1967); and thus there is no need to construe the statute. Bell v. Planning and ZoningCommission, 173 Conn. 223, 226, 377 A.2d 299 (1977); Houston v.Warden, supra 251; Hartford Hospital v. Hartford, 160 Conn. 370,375-76, 279 A.2d 561 (1971)."' State v. Smith, 194 Conn. 213, 221
(1988), quoting Anderson v. Ludgin, 175 Conn. 545, 552,400 A.2d 712 (1978).
"The words of [a] statute `are to be given their commonly approved meaning, unless a contrary intent is clearly expressed.'Holmquist v. Manson, 168 Conn. 389, 393, 362 A.2d 971 (1975);State v. Antrum, 185 Conn. 118, 122, 440 A.2d 839 (1981); General Statutes § 1.1." State v. Kish, 186 Conn. 757, 764,443 A.2d 1274 (1982). It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. Caltabiano v. Planning Zoning Commission, 211 Conn. 662, 666, 560 A.2d 975 (1989).Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382 (1993).
"`In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature.' UnitedIlluminating Co. v. Groppo, 220 Conn. 749, 755, 601 A.2d 1005
(1992). `[W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves CT Page 9891 because we assume that the language expresses the legislature's intent.' American Universal Ins. Co. v. DelGreco, 205 Conn. 178,193, 530 A.2d 171 (1987).
"Two long-standing rules of statutory construction are that a court may not by construction supply omissions in a statute simply because it appears that good reasons exist for adding them; State v. Baker, 195 Conn. 598, 602, 489 A.2d 1041 (1985); and that a court must construe a statute as it finds it, without reference to whether it thinks the statute would have been or could be improved by the inclusion of other provisions. Johnsonv. Manson, 196 Conn. 309, 315, 493 A.2d 846 (1985)." Battersby v.Battersby, 218 Conn. 467, 470-1, 590 A.2d 427 (1991).
The real issue raised by the first special defense is thus simply one of statutory interpretation. It does not implicate the court's jurisdiction. That portion of the defendant's first special defense which alleges that the court "lacks jurisdiction over this matter" thus fails to state a claim upon which relief may be granted and is therefore stricken. The balance of the first special defense, however, does interpose a valid defense to the plaintiff's complaint, so that with the exception of the sentence "The court lacks jurisdiction over this matter", the motion to strike as to the first special defense is denied.
The second special defense alleges, in part, that the plaintiff has not exhausted his remedies against the defendant. The defendant's reliance on Continental Insurance Co. v.Cebe-Habersky, 214 Conn. 209 (1990), is inappropriate. There is no "exhaustion" requirement with respect to the utilization of workers' compensation benefits before seeking uninsured motorist coverage. The balance of the second special defense, however, alleges that pursuant to General Statutes § 31-284 (a), the plaintiff's workers' compensation benefits constitute his exclusive remedy. In Bouley et al. v. Norwich, 222 Conn. 744
(1992), the Supreme Court denied an employee's uninsured motorist benefits claim against his self-insured employer, suggesting that it was "for the legislature, and not the courts, to carve out an exception to the [workers' compensation act] for uninsured motorist benefits." Id. at 760. The legislature accepted the invitation with Public Act 93-297, now codified as General Statutes § 38a-336 (f).[2] In Reliance Insurance Co. v.American Casualty Ins. Co. of Reading, Pennsylvania, 238 Conn. 285
(1996), the Supreme Court gave Public Act 93-297 retroactive effect, so that it would be applicable to this plaintiff, whose CT Page 9892 injury occurred prior to the act's passage. In a footnote, however, Reliance left unresolved the principal issue in this case, namely whether a self-insured entity has any obligation to provide uninsured motorist benefits. Id. at 289, n. 4. Because this court has determined that the self-insured employer in this case has no such obligation, its defense based on the exclusivity of the workers' compensation remedy states a claim upon which relief may be granted. The motion to strike this special defense, once the "exhaustion" sentence has been deleted, is therefore denied.
The first sentence of the defendant's third special defense restates the contention that the plaintiff's claims are barred by the exclusivity provisions of the workers' compensation act. The second sentence of the special defense, which refers to theBouley case, adds nothing to the special defense, especially in light of its having been essentially overruled byPublic Act 93-297, and it is therefore stricken. The first sentence, however, does state a claim upon which relief may be granted, and the motion to strike as to it is denied.
In light of the fact that portions of all three special defenses have been ordered to, be deleted while nonetheless denying the motion to strike as to the essential elements of those defenses, the defendant is ordered to replead within 15 days of the receipt of notice of this decision, restating its special defenses in conformity with this memorandum of decision.
Jonathan E. Silbert, Judge