[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises from a December 23, 1992 auto accident. At the time of the accident Rita George (plaintiff) was operating a rental car owned by the defendant Agency Rent-A-Car, Inc. CT Page 8542 (defendant). In her two count complaint the plaintiff alleges she was struck by a hit and run driver. In the second count of the complaint the plaintiff alleges that the defendant is liable to her for uninsured motorist coverage. Because the defendant is self insured the defendant claims they are not required to provide uninsured motorist coverage for operators and passengers of the cars they rent and therefor summary judgment should be granted because they are not liable as a matter of law.
The nature of the interests affected by a statute often determine judicial attitudes governing expansive or restrictive construction. The disparity that exists between the bargaining powers of an insurance company and purchasers of insurance are generally seen as good cause for interpreting statutes regulating the relationships between insurers and insureds strictly against the insurance companies and liberally in favor of the insured person.
General Statutes § 38a-371 (a)(1) provides that, "[t]he owner of a private passenger motor vehicle required to be registered in this state shall provide and continuously maintain throughout the registration period security in accordance with section 38a-334 to section 38a-343, inclusive." Connecticut General Statutes § 38a-371 (b) and (c) permit such security to be provided either by a policy of insurance issued by a company licensed to provide such insurance or by self-insurance.
General Statutes § 38a-336 (a)(1) provides that, "[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage . . . Each insurer licensed to write automobile liability insurance policy shall provide uninsured and underinsured motorists coverage . . ." General Statutes § 38a-363 (b) defines "insurer" as including a self-insurer.
The legislature's clear intent in this area was to require that "insurers" provided uninsured and underinsured motorist coverage. The legislature by defining the term insurer to include self-insurer eliminates the need for that class of insurers to be specifically described in other areas of the statutes.
"The primary rule of statutory construction is that `[i]f the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature; Houston vs.Warden, 169 Conn. 247, 251, 363 A.2d 121 (1975); Hurlbut v.CT Page 8543Lemelin, 155 Conn. 68, 73, 230 A.2d 36 (1967)'".
"The words of [a] statute `are to be given their commonly approved meaning, unless a contrary intent is clearly expressed.'Holmquist v. Manson, 168 Conn. 389, 393, 363 A.2d 971 (1975);State v. Antrum, 185 Conn. 118, 122, 440 A.2d 839 (1981); General Statutes § 1.1." State v. Kish, 186 Conn. 757, 764,443 A.2d 1274 (1982). It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation. Caltabiano v. Planning Zoning Commission, 211 Conn. 662, 666, 560 A.2d 975 (1989).Vaillancourt v. New Britain Machine/Litton, 224 Conn. 382 (1993).
"`In construing any statute, we seek to ascertain and give effect to the apparent intent of the legislature.' UnitedIlluminating Co. v. Groppo, 220 Conn. 749, 755, 601 A.2d 1005
(1992). `[W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent.'" American Universal Ins. Co. v. DelGreco, 205 Conn. 178,193, 530 A.2d 171 (1987).
"In seeking to discern the intent of the legislature, we look to the words of the statute as a whole to offer guidance."Ruskevich v. Commissioner of Revenue Services, 213 Conn. 19, 25
(1989). "A legislative act must be read as a whole and construed to give effect and to harmonize all its parts." Hayes v. Smith,194 Conn. 52, 58 (1984).
When the legislature allowed self insurance it is clear that they did not want to create a separate group of insurers with different responsibilities to the public. They clearly expressed this intent when they drafted the definition of insurers in Conn. General Statutes § 36a-363 (b). Self insurers are subject to the same requirements as insurance companies licensed to write insurance policies.
The motion for Summary Judgement is denied.
Thomas V. O'Keefe, Jr. Judge of the Superior Court CT Page 8544