[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendants, by their attorney of record, have filed a motion to dismiss claiming that the Superior Court is deprived of subject matter and personal jurisdiction because the writ, and complaint in this pro se initiated residential summary process action was not signed by a Commissioner of the Superior Court in accordance with the Connecticut GeneralStatutes § 47a-23a(a). The defendants claim that the issuance of a summary process summons and complaint is authorized only byConnecticut General Statutes § 47a-23a and that statute states that only a "commissioner of the superior court may issue a writ, summons and complaint." The summons was signed by a Clerk of the Superior Court and the complaint was signed by the plaintiff, Charles E. Krueger.
FACTS
The plaintiff, Charles E. Krueger is the owner of property at 31 Harborview Avenue, South Norwalk, Connecticut. On or about September 1, 1993 a written lease was signed by the CT Page 1365-LLLL defendants, Cynthia D. Lusardo, Michael Lusardo and June L. Huzina. The lease expired on September 30, 1995 and upon expiration of the lease the tenants remained in possession on a month to month basis with rent in amount of $1400.00 due on the first day of each month. The complaint claims that the defendants have failed to pay the $1400.00 due on November 1, 1995. On November 22, 1995 the plaintiff, Charles E. Krueger as the owner of the property prepared and executed a notice to quit which was served on the defendants requiring the defendants to vacate the premises on December 4, 1995. The defendants failed to vacate the premises.
On December 5, 1995 the plaintiff, Charles E. Krueger prepared and executed a complaint using form JD-HM-8 Rev. 5-91, a Judicial Department form. The complaint form is entitled "(EVICTION)" COMPLAINT NON PAYMENT OF RENT.
On that same day Charles E. Krueger prepared a summons using Judicial Department form JD-HM-32. Charles E. Krueger is not a Commissioner of the Superior Court. He presented the summons to John W. Pursell, Assistant Clerk of the Superior Court, Housing Session at Norwalk on December 5, 1995. John W. Pursell as Assistant Clerk executed the summons. Mr. Krueger signed the summons on the lower right hand side in the space provided "Signature of Plaintiff if Pro Se". At the same time the plaintiff further signed the bottom of the summons form in the section "If this summons is signed by a clerk," The writ, summons and complaint were dated December 5, 1995.
The writ, summons and complaint was duly served by a proper officer and returned to the Superior Court on December 11, 1995 with a return day of December 15, 1995. The defendants filed an appearance by their attorney of record on December 15, 1995 and filed a motion to dismiss on December 22, 1995 along with a memorandum of law. The plaintiff has filed a memorandum of law in opposition. The parties appeared and offered oral argument.
DISCUSSION OF LAW
A summary process action is a statutory proceeding.Connecticut General Statutes § 47a-23, et. seq. After the issuance of the statutory notice to quit and the failure of the tenants to vacate the premises by the quit date, a complaint is prepared. The statute relating to the summary process complaint states: "If, at the expiration of the five days the CT Page 1365-MMMM lessee or occupant neglects or refuses to quit possession or occupancy of the premises, any commissioner of the superior court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process, but which shall set forth facts justifying a judgment for immediate possession or occupancy of the premises and make a claim for possession or occupancy of the premises."Connecticut General Statutes § 47a-23a(a). It is this portion of the statute that the defendants have relied on. They claim that the writ and summons was signed by a clerk of the superior court not a commissioner of the superior court and the complaint was signed by the plaintiff, pro se, who is not a commissioner of the superior court.
The plaintiff claims that the authority or a Clerk or the Superior Court, Housing Session, to sign the summary process writ of summons and the authority or a plaintiff proceeding pro se to sign the complaint is contained in Practice Book § 49.
"If any person is proceeding without the assistance of counsel, he shall sign the complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall review the proposed writ of summons and, unless it is defective as to form or does not contain a bond for prosecution pursuant to Sec. 51, shall sign it." Connecticut Practice Book § 49
Therefore on its face the statute, Connecticut General§ 47a-23a(a) appears to conflict with the Practice Book § 49. The issue in this case is whether the statute in question, C.G.S§ 47a-23a(a), prevents a clerk from signing the writ of summons and a pro se defendant from signing the complaint. The court's task is "to ascertain and give effect to the apparent intent of the legislature." State v. Kozlowski, 199 Conn. 667, 673
(1986); Hayes v. Smith, 194 Conn. 52, 57 (1984). "In seeking to discern this intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." State v. Kozlowski, supra 673-674. Dart and Bogue Co.v. Slosberg, 202 Conn. 566, 573 (1987); Laver v. ZoningCommission, 220 Conn. 455, 460 (1991).
"The purpose of statutory construction is to give effect to the purpose of the legislation . . . If the language of the statute was plain and unambiguous we need look no further than CT Page 1365-NNNN the words actually used because we assume that the language expresses the legislature's intent." (Internal citations omitted). State v. DeFrancesco, 235 Conn. 426, 435 (1995). "As with any issue of statutory interpretation our initial guide is the language of the statute itself." Frillici v. Westport,231 Conn. 418, 431-432 (1994). The plain language of ConnecticutGeneral Statute § 47a-23a(a) contains no authority for nor prohibition against the clerk's executing the writ of summons or the pro se party executing the complaint. The statute is not plain and unambiguous and the court must engage in legislative construction.
Summary process statutes are in derogation of common law and must be strictly construed. Jo-Mark Sand and Gravel Companyv. Pantanella, 139 Conn. 598, 600-601 (1953). Generally speaking where there is a failure to follow the specific mandates of a summary process statute the court is deprived of subject matter jurisdiction. Bridgeport v. Barbour-DanielsElectronics, 16 Conn. App. 574, 582 (1988); Lampasona v. Jacobs,209 Conn. 724, 729 (1989).
"The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say." Colli v.Real Estate Commission, 169 Conn. 445, 452 (1975). "We presume that laws are enacted in view of existing relevant statutes and the legislature intended them to be read together so as constitute one consistent body of law." PARCC v. Commission onHospitals and Health Care, 235 Conn. 128, 141-142 (1995). "It is a basic tenant of statutory construction that the intent of the legislature is to be found not an isolated phrase or sentence but, rather from the statutory scheme as a whole. Furthermore, in reviewing the statutory language we will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotations and citations omitted).State v. Breton, 235 Conn. 206, 226 (1995). "We cannot presume that the legislature intended to create such a bizarre result, but intended a sensible statutory construction." (Internal quotation omitted) DeMilo v. West Haven, 189 Conn. 671, 679
(1983); State v. Campbell, 180 Conn. 557, 563 (1980); State v.Cobb, 234 Conn. 735, 747 (1995).
CONCLUSION OF LAW
In order to determine the legislative intent of ConnecticutGeneral Statutes § 47a-23a(a) the court must engage in the CT Page 1365-OOOO following analysis: (1) the words of the statute itself, (2) the legislative history and circumstances surrounding its enactment, (3) the legislative policy it was designed to implement and (4) its relationship to existing legislation and common law principles governing the same general subject matter.
(1) WORDS OF THE STATUTE ITSELF
The language of Connecticut General Statutes § 47a-23a
concerning the execution of the writ, summons and complaint is as follows; "any commissioner of the Superior Court may issue a writ, summons and complaint." The statute on its face indicates the permissive right of a commissioner of the superior court to issue a writ, summons and complaint. There is no specific prohibition against a clerk of the superior court issuing the writ of summons or a pro se plaintiff landlord from signing the complaint. The use of the word "may" generally means permissive and the use of the word "shall" generally means directive. The choice of those particular words is not binding on the court in determining legislative intent. The court has not been provided by the defendants with any authority that the use of the word "may" is directive and that the legislature by the use of the word "may" intended to exclude from summary process actions the authority of a clerk to sign the writ of summons and the pro se landlord from signing the complaint.
Further language contained in that same subsection is instructive. The last sentence states, "Notwithstanding the provisions of section 52-185 no recognizance shall be required of a complainant appearing pro se." The legislature in passingConnecticut General Statutes § 47a-23a(a) recognized the fact that the many landlords will proceed pro se. It appears to be at most a legislative oversight in failing to include the authority of the clerk to sign the writ of summons and the defendant to sign the complaint pro se. The plain meaning of the statute itself does not support the motion to dismiss.
(2) LEGISLATIVE HISTORY
The language of the statute itself reters to its legislative history. The first sentence states, "any commissioner of the superior court may issue a writ, summons and complaint which shall be in the form and nature of an ordinary writ, summons and complaint in a civil process." ConnecticutGeneral Statutes § 47a-23a(a). The legislature did not intend to CT Page 1365-PPPP depart from the rules applicable to the issuance of ordinary civil process.
Connecticut General Statutes § 47a-23a was passed by the legislature in 1979. P.A. 79-571. In 1976 the legislature revamped the entire summary process statutes incorporating them in Title 47a. Since 1976 the legislature annually makes technical changes to the summary process statutes, in an attempt to clarify procedures, create new rights and some instances to correct deficiencies.
The Legislature, by providing a separate Title for summary process, intended to have all the statutes relevant to summary process contained in one section of the statutes. There is no evidence that the legislature intended that summary process writs, and complaints not to be bound by the rules applying to ordinary civil process. The legislative history does not support the motion to dismiss.
(3) LEGISLATIVE POLICY
The Housing Session of the Superior Court was created in 1978. P.A. § 78-365, Connecticut General Statutes § 47a-70. The Housing Session is the sole repository of summary process actions in Judicial Districts where there are housing sessions.Connecticut General Statutes § 47a-68, § 47a-70. Judges of the Superior Court appointed to the Housing Session customarily serve two terms. Connecticut General Statutes § 51-165(c). The purpose of that legislative enactment was to create a consistent body of law with judges becoming experienced in the often highly technical housing law.
The legislature also approved the establishment of housing specialists. Their statutory responsibilities include being responsible for the initial screening and evaluation of all contested housing matters, conducting investigations, mediating and recommending settlements. They are knowledgeable in the maintenance, repair and rehabilitation of dwelling units and the federal, state and municipal ordinances, rules and regulations pertaining to housing. Connecticut General Statutes § 47a-69(b).
The success of the Housing Session in resolving cases is due primarily to the expert assistance given by its housing specialists.
The clerks of the Housing Session have specific statutory CT Page 1365-QQQQ duties that are different than clerks in the geographical area and judicial districts. "Each clerk for housing matters . . . shall provide assistance to pro se litigants." Connecticut GeneralStatutes § 51-52(d). This policy is designed to encourage pro se litigation in the Housing Session. Housing Session clerks are knowledgeable in housing law and procedures and have statutory authority to provide assistance to pro se litigants unlike other clerks in the GA or JD courthouses.
Therefore this legislative scheme was designed to assist and make the Housing Session "user friendly" for pro se litigants. The interpretation given by the defendants to the statute indicating that only a commissioner of the superior court may issue a writ of summons and only a commissioner of the Superior Court may sign a complaint for pro se litigants who wish to evict a tenant in a summary process action is totally in opposition to the legislative policy establishing the Housing Session. This legislative policy does not support the motion to dismiss.
(4) RELATIONSHIP OF THE STATUTE TO EXISTING LEGISLATIONAND COMMON LAW PRINCIPLES
 Connecticut Practice Book § 49 authorizes mesne process in civil actions to be signed by clerks of the court and has been in effect at least since 1963. Practice Book § 28 (1963). The legislature is presumed to have known this particular rule or the court. The rule of the court permitting a person to proceed without the assistance of counsel by having the complaint signed by the pro se litigant and the writ of summons signed by the clerk was well known to the legislature in 1979.
Prior to 1979 the general duties of clerks of the Superior Court was prescribed by statute. "A deputy chief clerk, deputy clerk or assistant clerk may sign any process or other document requiring the signature of the chief clerk or clerk for the court location for which he is appointed or any other document which the chief clerk or clerk is otherwise authorized to sign."Connecticut General Statutes § 51-52a(e). The defendants are not raising the issue that John W. Pursell was not an Assistant Clerk of the Superior Court or that John W. Pursell did not actually sign the writ of summons.
The statutory authorization for the appointment of court clerks is contained in Connecticut General Statutes § 51-51v(a)(6).
CT Page 1365-RRRR "The judges of the superior court, at their annual meeting in June, shall appoint . . . (6) clerks for housing matters." "Whenever the word `clerk' is used in the general statutes to mean the clerk of the superior court, it shall, except with respect to compensation, be construed to include any chief clerk, deputy chief clerk, deputy clerk, assistant clerk of the court and the clerk of the centralized infractions bureau unless the context otherwise requires." Connecticut GeneralStatutes § 51-51v(g).
It is therefore clear that the Connecticut General Assembly, prior to its passage of Connecticut General Statutes§ 47a-23a(a), had given to the clerks of the Superior Court as well as all assistant clerks of the Superior Court the general authority to execute writs of summons. Prior to 1979 ordinary civil actions included summary process actions which writs of summons assistant clerks routinely signed. It would be a bizarre result indeed if the legislature intended to create a "user friendly" Housing Session in 1978 and yet not permit pro se litigants to be able obtain the signature of the clerk on the writ of summons or authorize the signature of the pro se plaintiff on the complaint. It would be a bizarre result for pro se litigants to be able to continue to file their own dissolution of marriage actions, civil lawsuits and small claim matters in the other sessions of the Superior Court by utilizing the statutes authorizing pro se litigants to sign their complaints and the clerks to sign the writ of summons, when pro se landlords would not be permitted to avail themselves of that particular right. The Civil summons statutes can be read together with Connecticut General Statutes § 47a-23a(a) as a consistent body of law. The statutory section quoted by the defendant uses the word "may". This language is permissive, not directive, and pro se landlords can proceed without an attorney in summary process.
Connecticut General Statutes § 47a-23a(a) is merely permissive. The legislature did not intend to eliminate the power of the clerk and the pro se litigants to sign their various documents by enacting Connecticut General Statutes§ 47a-23a(a).
The Motion to Dismiss is hereby denied.
BY THE COURT, CT Page 1365-SSSS
KEVIN TIERNEY, JUDGE