## STATE OF CONNECTICUT *v.* GREGORY KING (13766)

Dupont, C. J., and Lavery and Spear, Js.

Argued November 3, 1995—decision released March 26, 1996

*Mark Diamon*, special public defender, for the appellant (defendant).

*Robert J. Scheinblum*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Rosita M. Creamer*, assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from a judgment of conviction, rendered after a jury trial, of two counts of assault in the second degree in violation of General Statutes § 53a-60 (a) (2). He claims that the trial court improperly (1) denied his motion to dismiss for failure to grant him a speedy trial, (2) made prejudicial comments on the defendant's right not to testify, (3) denied the defendant's motion for judgment of acquittal based on renunciation, (4) referred to uncharged crimes in its instructions to the jury, (5) admitted into evidence an array of seven photographs, and (6) allowed the state's attorney to engage in an improper closing argument. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On April 14, 1992, Eugene Coleman was on duty as the assistant manager at the C-Town supermarket in Hartford. At about 7:45 p.m., Coleman saw the defendant conceal several packages of meat beneath his coat and attempt to leave the store without paying. Coleman stopped the defendant as he was about to leave the store and, after a brief conversation, the defendant began to fight with Coleman in the vestibule of the store. As the parties struggled, they moved outside the store. The defendant punched Coleman several times during the struggle. Howard Walker, another store employee, saw the fighting and tried to help Coleman. While Walker and Coleman were attempting to take the defendant back into the store, the defendant broke away and grabbed an empty forty ounce beer bottle. He broke the bottle and stabbed Walker's and Coleman's hands with it. The defendant then fled from the area.

Coleman had seen the defendant in the neighborhood on at least twenty occasions prior to April 14, 1992, but did not know his name. Coleman selected the defendant's photograph from an array and identified the defendant in court as his assailant.

The defendant first claims that the trial court improperly denied his motion to dismiss wherein he alleged a denial of his right to a speedy trial pursuant to General Statutes §§ 54-82c[1] and 54-82d.[2] The following procedural history is necessary to resolve this claim.[3] The defendant was arrested on the subject charges on June 12, 1992. He was unable to post bond and was incarcerated. On May 11, 1993, the defendant was sentenced to a term of imprisonment of thirty months on unrelated charges. On August 3, 1993, the defendant filed a request for a trial or final disposition of the pending charges against him. The motion was filed pursuant to then General Statutes § 54-139 (now § 54-82c). On December 17, 1993, the defendant filed a "Motion for Dismissal Pursuant to [General Statutes §] 54-82d" because the subject charges were still outstanding and more than 120 days had passed since the request for disposition and notification to the state's attorney.

The trial court heard the motion to dismiss on January 5, 1994, and found that the defendant's attorney had

[1] General Statutes § 54-82c provides in pertinent part: "Prisoner's right to speedy trial on pending charges. (a) Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney or assistant state's attorney of the judicial district or geographical area, in which the indictment or information is pending, and to the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information. For good cause shown in open court, the prisoner or his counsel being present, the court may grant any necessary or reasonable continuance. . . ."

[2] General Statutes § 54-82d provides: "Dismissal of charges on failure to grant prisoner speedy trial. If an action is not assigned for trial within the period of time as provided in section 54-82c, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."

[3] In an introductory sentence in his brief, the defendant states that the United States and Connecticut constitutions, as well as General Statutes

not been available at any time during the 120 day period that was triggered by the speedy disposition request.[4] The court found, therefore, that there was good cause for granting a continuance. At the January 5, 1994 hearing, the prosecutor and the defense attorney agreed that the request for speedy trial that had been filed on August 3, 1993, had been granted but "tolled" because of the unavailability of defense counsel. On February 22, 1994, the trial commenced with jury selection.

The defendant mounts a fourfold attack on the trial court's denial of his motion to dismiss. He claims that (1) the record does not contain a sufficient basis for the granting of a continuance for good cause, (2) the defense did not request a continuance, (3) new counsel should have been appointed in this matter, and (4) the defendant was not brought to trial within thirty days of his motion for a speedy disposition.

The first two claims will be discussed together as they both involve the continuance issue. The record indicates that counsel for the state and the defendant agreed that the attorney who had been appointed to represent the defendant had been on trial throughout the 120 day period. Further, counsel agreed that the 120 day period had been tolled by the court because of the unavailability of defense counsel when it "granted"[5] the speedy disposition request. "When reviewing the grant of continuances which toll the statutory [120 day] period within which to bring a criminal case to trial, this court will find error only if a clear

---

§ 54-82m, guarantee the accused a right to a speedy trial. He does not assert or brief a constitutional claim on appeal. At oral argument, the defendant's counsel stated that he was pursuing *only* the claim pursuant to § 54-82d and no other speedy trial claim.

[4] The defendant's attorney had a trial in a double murder case and was thus "unavailable for all these months."

[5] General Statutes § 54-82c does not allow the court to grant or deny the speedy disposition request, but does allow the court to continue the case for good cause shown in open court.

abuse is shown of the trial court's discretion in finding that a continuance is necessary or reasonable." *State* v. *Antrum*, 185 Conn. 118, 123, 440 A.2d 839 (1981). We conclude that the record reveals that a reasonable continuance was granted for good cause shown. The fact that the defendant never requested the continuance does not itself make the continuance improper. We, therefore, find that the trial court did not abuse its discretion.

The defendant offered no authority for the proposition that the trial court should have appointed another attorney from the public defender's office to represent the defendant so that the trial could have commenced within the 120 day period. We conclude that such an option, with its attendant implications on the defendant's right to effective assistance of counsel, was neither reasonable nor required. See *State* v. *Brown*, 40 Conn. App. 483, 671 A.2d 1316 (1996).

In his final challenge to the denial of his motion to dismiss, the defendant attempts to utilize General Statutes § 54-82m and its requirement that he be brought to trial within thirty days of his motion for speedy disposition. That statute directs the judges of the Superior Court to make rules that provide that "(1) . . . the trial of a defendant . . . shall commence within twelve months from the filing date of the information . . . or from the date of arrest, whichever is later, except that when such defendant is incarcerated . . . pending such trial *and is not subject to the provisions of section 54-82c*, the trial of such defendant shall commence within eight months from the filing date of the information . . . or . . . arrest, whichever is later; and (2) if a defendant is not brought to trial within the time limit set forth in subdivision (1) and a trial is not commenced within thirty days of a motion for a speedy trial made by the defendant at any time after such time limit has passed, the information . . . shall be dis-

missed. . . ." (Emphasis added.) General Statutes § 54-82m.[6] We conclude that this claim has no merit because the defendant was incarcerated on other charges before he made any request for a speedy disposition of the subject charges. As such, he was bound to make his claim for a speedy disposition pursuant to § 54-82c. Section 54-82m, by its own terms, does not apply to a person in the defendant's circumstances. The trial court, therefore, properly denied the motion to dismiss.

Of the remaining five claims raised by the defendant on appeal, only the challenge to the photographic array was raised and preserved in the trial court. We have carefully reviewed and considered the record, briefs and arguments of the parties with respect to the photographic array and conclude that this claim is without merit. We have also reviewed the remaining four claims and conclude that they are similarly without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

___

[6] In accordance with this mandate, the judges of the Superior Court promulgated Practice Book § 956B, which affords criminal defendants the right to a speedy trial.