[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re MOTION TO DISMISS
The defendant has moved to dismiss pending charges which are contained in three separate criminal files (CR95-168830, CR95-170243, and CR96-172012). In these files the defendant stands charged with counts of threatening, disorderly conduct, stalking in the first degree, and violation of probation. He is currently serving a sentence of confinement for domestic violence offenses perpetrated against the same victim who is the complainant in his pending files.
It is the defendant's claim that he has been denied his right to a speedy trial pursuant to Connecticut statutory and case law and in violation of federal and state constitutional mandates. The state objects to the defendant's motion and the relief which it seeks. CT Page 1377
On June 27, 1996, the defendant served notice of his request for final disposition of the above-described pending files. His request for a speedy trial asked that it commence within the statutory period of 120 days. Sec. 54-82c, Conn. Gen. Stat. On November 26, 1996, more than 120 calendar days later, the defendant filed his dismissal motion. It is predicated on the language of Sec. 54-82d, Conn. Gen. Stat., which provides as follows:
 If an action is not assigned for trial within [120 days], no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or injunction be of any further force or effect, and the court shall enter an order dismissing the same.
On December 2, 1996, the court conducted a hearing on the motion, and thereafter both sides submitted memoranda of law in support of their respective positions.
It is the defendant's contention that 154 days expired between the filing of his speedy trial request and his motion to dismiss. He urges that at no time did he request a continuance and that no time chargeable to him is excludable from the 120-day time frame. P.B., Sec. 956C.
The state's argument in opposition is based on a claimed tolling of the 120 day period. More specifically, the state asserts that within the 120 days there were four periods, each of more than one week, which totalled in the aggregate 66 days, when a panel of jurors was unavailable. It was therefore impossible, the state urges, during more than half of the 120 days to provide to the defendant the jury trials he had elected, and his motion, being premature, should therefore be denied.
In response to the state's argument the defendant points out that, although a panel of jurors may not have been available during periods of time, the state made no formal request for continuance for good cause, and no tolling of the 120 days should be permitted. The state does not dispute the alleged inaction.
A reasonable continuance for good cause such as will toll the running of the statutory (120-day) period may be granted even in those instances where no request therefor is made. State v. King,40 Conn. App. 757, 761 (1996). Despite the lack of request there is no dispute that a panel of jurors was unavailable during a CT Page 1378 period of 39 days from July 31 to September 9, 1996, and, it would seem, during other lesser periods as well. It is this court's finding that the circumstances were exceptional [P.B., Sec. 956C(j)] and that a continuance for the reason stated was both reasonable and necessary. State v. Antrum, 185 Conn. 118,123 (1981). Accordingly, the statutory period was tolled during such period and had not expired at the time of filing of the instant motion.
Apart from his claims raised pursuant to our statutory law and case law interpreting the same, the defendant argues that his constitutional right to a speedy trial has been violated.
"The right to a speedy trial is guaranteed by thesixth amendment to the United States constitution, applicable to the states through the fourteenth amendment, and by article first, sec. 8 of the Connecticut constitution." State v. Silva,43 Conn. App. 488, 497 (1996). "In order to determine whether a criminal defendant has been deprived of his constitutional right to a speedy trial our courts balance the following factors: `[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. . . .' (internal quotation marks omitted.) State v. Wall, 40 Conn. App. 643, 651,673 A.2d 530, cert. denied, 237 Conn. 924, 677 A.2d 950 (1996), quoting Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972)." Id. 497. While "[n]one of the factors standing alone demands a set disposition"; State v. Wall,40 Conn. App. 643, 652 (1996); "the linchpin of the speedy trial claim is a showing of prejudice." State v. Lloyd, 185 Conn. 199, 209 (1981).
"Unlike the right to counsel or the right to be free from compelled self incrimination, deprivation of the right to a speedy trial does not per se prejudice the accused's ability to defend himself. Barker v. Wingo, supra 521." State v. Morrill,197 Conn. 507, 526 (1985). The interests which the right to a speedy trial is intended to protect are (1) the prevention of oppressive pre-trial incarceration; (2) minimization of the accused's anxiety and concern; and (3) limitation of the possibility that the defense will be impaired. State v. Silva,
supra, 498. As noted in Barker v. Wingo, "the most serious [interest] is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." State v. Morrill, supra, 527.
It is the court's finding that, while arguably the first two CT Page 1379 factors of the Barker and Wingo test; i.e., length of the delay and reason for the delay; weigh marginally in favor of the defendant, the third and particularly the fourth factors (assertion of right and prejudice) militate against his constitutional claim.
The defendant, as hereinbefore set forth, asserted his right to a speedy trial prematurely, either ignoring or being unaware of excludable time caused by scheduling constraints.
As to his claim of prejudice, there is no cogent support for the defendant's claim. Even if one were to assume that the state, despite the circumstances, was dilatory in its prosecution, there is no evidence that such delay was purposeful. State v. Wall,
supra 652-53. Although the defendant was a sentenced inmate throughout, there is no suggestion that the conditions of his incarceration were adversely affected. See State v. Milton,26 Conn. App. 698, 715-16 (1992). Likewise, the defendant does not argue that pre-trial delay has heightened his anxiety or impaired his defense in the context of unavailable witnesses. State v.Silva, supra 498-99.
In short, in considering the applicable factors, with particular emphasis on the matter of prejudice caused by delay, the court finds that the defendant's constitutional right to a speedy trial was not so impaired as to warrant the relief which he seeks, viz., dismissal of the pending charges.
For all of the reasons set forth above, the motion to dismiss is denied.
Gaffney, J.