[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant Guadalupe was arrested in March of 1995; has had the public defender as his counsel from the time of his arraignment, and that representation existed and was most effective at the hearing in probable cause. The case was then assigned to an assistant public defender, Attorney Gerety. Mr. Gerety had a sincere question in his own mind about Mr. Guadalupe's mental status in terms of being competent to stand trial. That question was resolved by a competency hearing under Sec. 54-56d of the General Statutes. However, that resolution consumed approximately five or six months. The defendant was not satisfied with Mr. Gerety and complained, demanding another attorney.
After that was resolved, and after he was denied permission to represent himself by another judge of this court, the case proceeded until a question arose about the trial being ready the twenty-ninth (29) day of the thirty (30) day request for a speedy trial. A different public defender, a special public defender had been previously appointed to represent him. At that time, he again indicated he was not satisfied with his counsel who had failed to appear. The court found at that time that precedent provides a valid reason for reassigning or continuing a case as a result of counsel being occupied on trial in another court. CT Page 6254 (Unavailability of counsel.) See State v. Brown,40 Conn. App. 483, 489 (1996); State v. King, 40 Conn. App. 757, 760 (1996).
In addition to counsel's unavailability, the defendant unequivocally and quite vehemently declared that he no longer wanted that attorney to represent him because of a failure of communication, and his very deliberate insistence upon the acceptance of a plea agreement. The court is satisfied that there is no effective or cooperative relationship between the accused and counsel as could result in the defendant being provided with competent representation in the trial. It must be noted that the state was ready, willing and able to go forward at that time. The delay was not through any fault of the state.
At that point, a second special public defender was assigned to the case. As the sixty-day period requested by that attorney and agreed to by the defendant was running, counsel indicated that he needed more time to prepare, which the court was willing to grant because the reasons given were quite credible. In addition, the defendant was apparently satisfied, and had no objection.
There was a second request toward the end of December, where counsel had a personal problem which the court will not disclose for the record. It was satisfied after its conversation with counsel that there was a legitimate reason for another continuance, and the second request was granted, again, without objection by the defendant.
The court and counsel then experienced a misunderstanding as to where it was going to be assigned. It was the court's recollection it was assigned for April 2, 1998, but counsel was under the impression that it should be ready in April, but not on April 2. He requested the end of April. Certainly, accepting what counsel said at face value, again, in the absence of an objection by the defendant, the court cannot reasonably conclude that his right to a speedy trial was prejudiced.
The court, therefore, finds that the continuances that were requested or ordered were all reasonable and proper within the framework of the law. Those continuances did not violate his rights. He was responsible for or at least acquiesced in all of them, which constitutes a waiver of his right to a speedy trial. Accordingly, the motion to dismiss is denied. CT Page 6255
Moraghan, J.