## STATE OF CONNECTICUT *v.* JOSEPH P. INNAMORATO, JR.
## (AC 22650)

Foti, Dranginis and Bishop, Js.

Argued January 16, 2002—officially released May 20, 2003

*Paul Gozzi*, for the appellant (defendant).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Barbara Hoffman*, assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Joseph P. Innamorato, Jr., appeals from the judgment of conviction on the charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a)[1] following his entry of a conditional plea of nolo contendere.[2] The sole issue presented in this appeal is whether the trial court properly denied the defendant's motion to dismiss when it found that

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . in any parking area for ten or more cars . . . ."

[2] The plea of nolo contendere was entered conditional on the right to appeal pursuant to General Statutes § 54-94a and Practice Book § 61-6.

he had operated his motor vehicle in a "parking area for ten or more cars." We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On March 24, 2001, at approximately 3 a.m., the state police observed the defendant driving a vehicle a few feet in a parking lot adjacent to Humphrey's Restaurant at the corner of Route 1 and Hammock Road in Old Saybrook. The defendant was arrested and charged with one count each of operating a motor vehicle without insurance in violation of General Statutes § 38a-371 and operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a). Prior to trial, the defendant sought to dismiss the drunk driving charge, claiming that the private parking lot in which he operated his vehicle contained only nine spaces, and, therefore, was not a "parking area for ten or more cars" as defined by § 14-227a (a). Following a hearing, the court denied the defendant's motion to dismiss, concluding that the parking lot at issue did fall within the meaning of § 14-227a (a).[3] Thereafter, the defendant appealed from that decision to this court, and we dismissed the

---

[3] In a memorandum of decision dated August 13, 2001, the court determined, apparently based in part on the testimony of Trooper Conrad Winalski of the state police, that Winalski often saw fifteen to twenty cars parked in the lot of Humphrey's Restaurant. In response to the defendant's argument that Humphrey's parking lot did not come within the reach of General Statutes § 14-227a because it was "approved" for only nine spaces, the court rejected that argument because the words "approved" and "spaces" were not included in the text of the statute. The court then noted that the legislative history surrounding the passage of the statute was not helpful to its interpretation. On the basis of all of those considerations and the legislative purpose behind the statute, the court concluded that the parking lot at issue came within the requirements of § 14-227a (a) because it accommodated and was used by more than ten cars. The court explained that "to hold that . . . § 14-227a limits arrests to only those parking areas 'approved' for ten or more spaces would undermine the legislature's intent to protect individuals in parking areas from the dangers of drivers operating under the influence."

defendant's appeal for lack of a final judgment. The defendant then entered a conditional plea of nolo contendre to operating a motor vehicle while under the influence of intoxicating liquor, reserving the right to appeal from the denial of the motion to dismiss. The court sentenced the defendant to six months imprisonment, suspended after forty-eight hours, and eighteen months probation. The defendant then filed the present appeal.

The defendant claims that the court improperly denied his motion to dismiss when it found that the nine space parking lot in which he was parked at the time of his arrest was a "parking area for ten or more cars" within the scope of § 14-227a (a). In particular, the defendant argues, as he did before the court, that the legislature intended that the number of parking spaces designated in a site plan approved by a local zoning commission should be used in determining whether the parking area in question is a parking area for ten or more cars. Therefore, the defendant maintains that the actual past use of the parking area is irrelevant in determining whether a parking lot is subject to the statute. The state contends, to the contrary, that the court correctly concluded that because the parking area regularly accommodates and is used by ten or more cars, the nine space parking lot satisfies the requirements of § 14-227a (a). Our review of the language, legislative history and purpose of § 14-227a (a) leads us to agree with the state.

Our appellate courts have not previously addressed the meaning of the phrase "any parking area for ten or more cars . . . ." "Statutory construction . . . presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory [interpretation], our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to

the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *State* v. *Hackett*, 72 Conn. App. 127, 132, 804 A.2d 225, cert. denied, 262 Conn. 904, 810 A.2d 270 (2002); see also *State* v. *Courchesne*, 262 Conn. 537, 577–78, 816 A.2d 562 (2003) (en banc).

With that legal framework in mind, we begin our analysis with the relevant provision of § 14-227a (a), which provides in relevant part that "[n]o person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . in any *parking area for ten or more cars* . . . ." (Emphasis added.) General Statutes § 14-212 (6) defines parking area as "lots, areas or other accommodations for the parking of motor vehicles off the street or highway and open to public use with or without charge . . . ." It does not define the phrase as narrowly as does the defendant. In conducting our analysis, we are mindful that "[w]ords in a statute must be given their plain and ordinary meaning . . . unless the context indicates that a different meaning was intended." (Internal quotation marks omitted.) *State* v. *Vickers*, 260 Conn. 219, 224, 796 A.2d 502 (2002); see also General Statutes § 1-1 (a); but see *State* v. *Courchesne*, supra, 262 Conn. 577–78. We conclude that the plain language of the two pertinent statutory provisions, read together, does not resolve the issue presented here.

As stated previously, our analysis does not end with the words of the statute. See *State* v. *Courchesne*, supra, 262 Conn. 537; *Schiano* v. *Bliss Exterminating Co.*, 260

Conn. 21, 36, 792 A.2d 835 (2002). We also must examine the legislative history and the purpose of § 14-227a (a) to ascertain what the legislature meant by the phrase "parking area for ten or more cars . . . ." We agree with the court that much of the legislative history is not helpful in resolving the issue. Nevertheless, an examination of the brief legislative commentary surrounding a 1971 amendment contains the following remark by Representative John A. Carrozzella: "In addition to lowering the blood alcohol content from .15 to .10, the bill does two other things that beef up our drunken driving statute: one, under present law, the only place you can be convicted of driving under the influence is on a public highway. The bill would extend that to parking lots *where there is room to park more than ten cars*. Now you know and I know that on such a parking lot in the shopping centers certainly a drunken driver is as big a menace if not more in that area than on the public highway." (Emphasis added.) 14 H.R. Proc., Pt. 5, 1971 Sess., pp. 2364–65. We interpret those comments to mean that the legislature intended the size of the lot, and not the number of approved parking spaces contained in a site plan authorized by the local zoning and planning commission, would be the appropriate test to determine whether a parking lot comes within the bounds of § 14-227a. Because the court appropriately credited a state police trooper's testimony that Humphrey's parking lot accommodates ten or more cars, we conclude that it is the type of parking area that the legislature contemplated when it introduced the amendment to the bill.

It also is a rule of statutory construction that "[i]dentifying the societal problems which the legislature sought to address may be particularly helpful in determining the true meaning of the statute. *State* v. *Campbell*, 180 Conn. 557, 562, 429 A.2d 960 (1980). It is clear that the societal problem the legislature sought to address in

General Statutes § 14-227a was public safety in light of the dangers presented by drunken drivers." *State* v. *Boucher*, 11 Conn. App. 644, 652, 528 A.2d 1165 (1987) (*Daly, J.*, dissenting), rev'd on other grounds, 207 Conn. 612, 541 A.2d 865 (1988). The intent of the legislature is to protect the general public from drunk drivers, so it would be absurd and against that legislative intent to argue that the statute would make it a crime to operate a motor vehicle while under the influence only in a parking lot that happened to have a site plan or have been approved by the zoning commission for ten or more spaces. "We are required to construe a statute in a manner that will not thwart [the legislature's] intended purpose or lead to absurd results. . . . We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve." (Internal quotation marks omitted.) *State* v. *Coscuna*, 59 Conn. App. 434, 440, 757 A.2d 659 (2000).

Finally, our conclusion is supported by our Supreme Court's decision in *State* v. *Boucher*, 207 Conn. 612, 615, 541 A.2d 865 (1988). In *Boucher*, as in this case, the defendant was arrested in a shopping center parking lot and charged with operating a motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a (a). The defendant thereafter successfully sought to dismiss that charge, claiming that the parking lot did not come within the purview of § 14-227a (a). Id., 614. Our Supreme Court reversed this court's holding that the parking lot was not "open to public use," as defined in § 14-212 [6], reasoning that "[a] place is 'public' to which the public is invited either expressly or by implication to come for the purpose of trading or transacting business." Id., 616. The Supreme Court reviewed the legislative history and intent of the statute and further explained that "[t]he legislature enacted the statutes governing the operation of motor vehicles for

the protection of all of the citizens of this state . . . not just those who patronize large shopping centers." Id., 618. The Supreme Court concluded "that the legislature, in enacting §§ 14-227a and 14-212 [6], intended to extend the prohibition against operating a motor vehicle while under the influence of intoxicating liquor to any parking area for ten or more cars to which that indefinite group labeled 'the public' is invited or permitted to use." Id., 618–19. Although the circumstances at issue in *Boucher* were somewhat different from those now before us, we find the foregoing analysis to be instructive. In holding that the shopping center parking lot came within the statute's definition of "open to public use," the Supreme Court observed that "the legislatures and the courts have emphasized the need to protect the public from drunk drivers whether on streets or highways or other public or private property." Id., 618. Therefore, to decide in the defendant's favor on that issue would require that we ignore protections previously recognized by our courts. It is inconceivable that the legislature's broad umbrella of protection would insulate intoxicated persons from the drunk driving laws pursuant to § 14-227a (a) because the parking area did not have zoning approval for ten or more spaces. Moreover, if we were to circumscribe and to accept the defendant's interpretation, we would effectively eviscerate the legislature's long history of successes in establishing safeguards against drunk driving.

On the basis of our review of the language of § 14-227a (a), and having considered the purpose of the statute and the reason and necessity for its enactment, we reject the argument propounded by the defendant and conclude that the court properly denied his motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.