******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SUSAN AHRENS *v.* HARTFORD FLORISTS'
SUPPLY, INC., ET AL.
(AC 42154)

DiPentima, C. J., and Elgo and Beach, Js.

*Syllabus*

The plaintiff, A, sought to recover damages from the defendants H Co. and
D Co. pursuant to the Connecticut Product Liability Act (§ 52-572m et
seq.) in connection with personal injuries she sustained that she alleged
were caused by her handling of a bouquet of flowers that contained a
fungus. A alleged that the flowers were put into the stream of commerce
by D Co. and H Co. D Co. attempted to add P Co. and F Co. to the
action by filing a third-party complaint. The court subsequently granted
D Co.'s motion to implead P Co. and F Co. as third-party defendants,
and, thereafter, the third-party defendants filed motions to dismiss the
third-party complaint. The third-party defendants claimed that D Co.
improperly served the third-party complaint because D Co. did not move
to implead pursuant to statute (§ 52-102a) prior to serving the third-
party complaint within the applicable one year statute of limitations
(§ 52-577a (b)). The trial court granted the motions to dismiss, and, from
the judgment rendered thereon, D Co. appealed to this court. *Held:*

1. D Co. could not prevail on its claim that the trial court applied an incorrect
   standard when it found that strict compliance with §§ 52-102a and 52-
   577a (b) was required to implead a third party into a product liability
   case: § 52-102a is plain and unambiguous, providing that a defendant
   "may" implead a third-party defendant, and requiring that, if a defendant
   chooses to implead a third-party defendant, it must seek permission
   from the court to do so prior to filing a third-party complaint, and D
   Co., having chosen to implead third-party defendants, failed to first seek
   permission from the court before it filed its third-party complaint, and
   nothing in § 52-102a indicates that a court should decide whether a
   defendant can implead a third-party defendant solely on equitable con-
   siderations.

2. The trial court did not err in concluding that there must be strict compli-
   ance with §§ 52-102a and 52-577a (b): although D Co. argued that the
   language of § 52-102a, that a "motion may be filed at any time before
   trial," demonstrated that the statute was solely administrative and not
   subject to any limiting time frame, this interpretation neglected to con-
   sider the language of § 52-102a in light of § 52-577a (b), the plain language
   of which provides that a third-party complaint must be served within
   one year from when the underlying action was returned to court; the
   court correctly determined that D Co. was required to file a motion to
   implead under § 52-102a before filing a third-party complaint that had
   to be served within the one year statute of limitations of § 52-577a (b).

3. D Co.'s claim that the trial court erred in concluding that the one year
   time limitation in § 52-577a implicated the court's jurisdiction was
   unavailing: D Co. was required to file a motion to implead prior to
   serving the third-party complaint within the prescribed one year time
   limitation, which was mandatory, not directory; moreover, although the
   time limitation in § 52-577a (b) is procedural, the court's jurisdiction
   was implicated by D Co.'s failure to comply with §§ 52-577a (b) and 52-
   102a, because § 52-577a (b) is a service provision, and the court correctly
   concluded that strict compliance with both §§ 52-102a and 52-577a (b)
   was required, and failure to so comply was a jurisdictional defect that
   implicated personal jurisdiction, and seeking permission to implead
   after already having served the third-party complaint did not remedy
   the initial defect in service of process.

Argued December 5, 2019—officially released June 9, 2020

*Procedural History*

Action to recover damages for, inter alia, personal
injuries sustained as a result of an allegedly defective
product, and for other relief, brought to the Superior

Court in the judicial district of Hartford, where the defendant Delaware Valley Floral Group, Inc., filed a third-party complaint; thereafter, the court, *Noble, J.*, granted the defendant Delaware Valley Floral Group, Inc.'s motion to implead as third-party defendants Fall River Florist Supply Corporation et al.; subsequently, the plaintiff filed an amended revised complaint; thereafter, the court, *Noble, J.*, granted the third-party defendants' motions to dismiss the third-party complaint of the defendant Delaware Valley Floral Group, Inc., and rendered judgment thereon, from which the defendant Delaware Valley Floral Group, Inc., appealed to this court. *Affirmed.*

*Cristin E. Sheehan*, with whom were *James L. Brawley* and *Joseph R. Ciollo*, for the appellant (defendant Delaware Valley Floral Group, Inc.).

*Erin Canalia*, with whom, on the brief, was *Deborah Etlinger*, for the appellee (third-party defendant Fall River Florist Supply Corporation).

*Stephen G. Murphy*, for the appellee (third-party defendants Pennock Company et al.).

*Opinion*

DiPENTIMA, C. J. This appeal involves a dispute between Delaware Valley Floral Group, Inc. (Delaware), a defendant in the underlying tort action, and third-party defendants, Fall River Florist Supply Corporation (Fall River) and Pennock Company (Pennock).[1] Delaware appeals from the judgment of the trial court granting the third-party defendants' motions to dismiss its third-party complaint. On appeal, Delaware argues that the court erred in granting the motions by, inter alia, improperly construing General Statutes §§ 52-102a and 52-577a (b). We disagree and, accordingly, affirm the judgment of the trial court.

The plaintiff, Susan Ahrens, brought the underlying action against the defendants, Delaware and Hartford Florists' Supply, Inc. (Hartford), after allegedly sustaining severe eye injuries following her handling of a bouquet of flowers purchased from A Victorian Flowers & Gifts, LLC. In her initial complaint filed on September 6, 2016, the plaintiff alleged a product liability claim on the basis that a fungus on the flowers put into the stream of commerce by Delaware and Hartford caused her injuries.[2] She claimed that the existence of the fungus on the flowers rendered them defective and unreasonably dangerous. The plaintiff claimed that Delaware placed those flowers into the stream of commerce and, thus, was liable for her injuries pursuant to the Connecticut Product Liability Act, General Statutes § 52-572m et seq.

After the plaintiff filed her original complaint, the parties engaged in discovery. In August, 2017, Delaware discovered that the plaintiff may have been exposed to flowers that Fall River and Pennock had supplied to A Victorian Flowers & Gifts, LLC. On September 1, 2017, Delaware attempted to add Pennock and Fall River to the action by filing a third-party complaint against them. In this third-party complaint, Delaware alleged that "to the extent [that] the [p]laintiff . . . recovers damages in the original action against [Delaware], the third-party defendant[s], [Fall River and Pennock], may be liable for a proportionate share of such damages pursuant to . . . General Statutes [§§] 52-572h and 52-572o."

On January 30, 2018, nearly five months after the third-party complaints were served, Delaware filed a motion to implead Fall River and Pennock pursuant to § 52-102a[3] and Practice Book § 10-11.[4] The motion to implead was granted on February 11, 2018. On March 14 and 26, 2018, respectively, Pennock and Fall River filed motions to dismiss Delaware's third-party complaint.[5]

In their motions to dismiss, Fall River and Pennock both argued that Delaware improperly served the third-party complaint against them because it failed to move to implead pursuant to § 52-102a before serving the

third-party complaint within the one year statute of limitations of § 52-577a (b).[6] Thus, Fall River and Pennock contended that the court did not have personal jurisdiction over them.

The court, *Noble, J.*, agreed with Fall River and Pennock and granted their motions to dismiss.[7] The court summarized the dispute between the parties as determining "the proper procedure for impleading a third party in a product liability action and, specifically, whether strict compliance, with both §§ 52-102a and 52-577a (b), is required." The court concluded that strict compliance with both statutes was required and, thus, that Delaware was required, under § 52-102a, to seek permission from the court to implead Fall River and Pennock before filing a third-party complaint against them within one year, pursuant to § 52-577a (b). Accordingly, since Delaware failed to seek permission from the court to implead Fall River and Pennock before filing the third-party complaint against them, Fall River and Pennock had not been brought into the action properly. Following the dismissal, Delaware brought this appeal.

We begin with the well settled standard for reviewing a trial court's decision on a motion to dismiss. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Metcalf* v. *Fitzgerald*, 333 Conn. 1, 6–7, 214 A.3d 361 (2019), cert. denied, U.S. , 140 S. Ct. 854, 205 L. Ed. 2d 460 (2020).

On appeal, Delaware claims that the court improperly granted the motions to dismiss filed by Fall River and Pennock by (1) applying an incorrect standard when it found that strict compliance with both §§ 52-102a and 52-577a (b) was required when impleading a third party into a product liability case, (2) concluding that both §§ 52-102a and 52-577a (b) must be strictly complied with, and (3) concluding that the one year time limitation in § 52-577a implicates the jurisdiction of the court. We consider these arguments in light of the applicable law.

Section 52-102a (a) provides: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and com-

plaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."

Section 52-577a (b) provides: "In any [product liability] action, a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court."

"Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation. (Footnote omitted; internal quotation marks omitted.) *Western Dermatology Consultants, P.C.* v. *VitalWorks, Inc.*, 146 Conn. App. 169, 199, 78 A.3d 167 (2013), aff'd, 322 Conn. 541, 153 A.3d 574 (2016). Guided by these principles, we consider Delaware's arguments in turn.

I

First, Delaware claims that the trial court applied an incorrect standard when it found that strict compliance with both §§ 52-102a and 52-577a (b) was required when impleading a third party into a product liability case. Delaware specifically contends that, because § 52-102a is an administrative mechanism designed to achieve judicial economy, the proper inquiry of the court was whether allowing the litigation to proceed against Fall River and Pennock would have caused them prejudice. We disagree.

Delaware begins with the legislative history of § 52-102a, which, it contends, is an indication that the purpose of the statute is to encourage judicial economy, avoid duplicative actions, and bring all litigants into the same action. It also emphasizes that the decision whether to grant a motion to implead lies within the discretion of the court, which is exercised according to equitable principles. Therefore, Delaware concludes that in deciding whether to dismiss Delaware's third-party complaint, the court should have considered equitable principles, specifically, whether Fall River and Pennock would have been prejudiced by Delaware's failure to comply with § 52-102a before filing its third-party complaint.

In making this argument, Delaware bypasses the critical first step involved in statutory interpretation: the plain meaning of the statutory language. It is only when the language of a statute is ambiguous that extratextual sources, such as the legislative history and the circumstances surrounding the statute's enactment, are looked to for guidance. See *Financial Consulting, LLC* v. *Commissioner of Ins.*, 315 Conn. 196, 210, 105 A.3d 210 (2014). The language of § 52-102a is plain and unambiguous; it prescribes the procedure for defendants to use if they seek to implead a third-party defendant. The permissive language in § 52-102a states that a defendant "may" implead a third-party defendant if that party is or may be liable for all or part of the plaintiff's claim; however, § 52-102a does not require a defendant to do so. Under § 52-102a, if a defendant does choose to implead a third-party defendant, however, it must seek permission of the court before filing a third-party complaint. Nothing in the statutory language indicates that a court should base its decision on whether a defendant can implead a third-party defendant solely on equitable considerations. Accordingly, the court correctly applied the plain language of the statute and did not consider the legislative history or equities in dismissing Delaware's third-party complaint.

## II

Delaware next claims that the trial court erred in concluding that there must be strict compliance with §§ 52-102a and 52-577a (b). Delaware argues that the language in § 52-102a, that a "motion may be filed at any time before trial," demonstrates that the statute is solely administrative and not subject to any limiting time frame. In other words, Delaware argues that a motion to implead pursuant to § 52-102a need not be filed before a third-party complaint pursuant to § 52-577a. This interpretation, however, neglects a fundamental step in determining the plain meaning of a statute. "In seeking to determine [the plain meaning of a statute] . . . § 1-2z directs us first to consider the text of the statute itself and its *relationship to other statutes*." (Emphasis added; footnote omitted; internal quo-

tation marks omitted.) *Western Dermatology Consultants, P.C.* v. *VitalWorks, Inc.*, supra, 146 Conn. App. 199. Thus, § 1-2z directs us to consider the language of § 52-102a in light of the other statute at issue in this case: § 52-577a.

It is well settled that "the legislature is always presumed to have created a harmonious and consistent body of law . . . . [T]his tenet of statutory construction . . . requires [this court] to read statutes together when they relate to the same subject matter . . . . Accordingly, [i]n determining the meaning of a statute . . . we look not only at the provision at issue, but also to the broader statutory scheme to ensure the coherency of our construction." (Internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 850, 937 A.2d 39 (2008). "If the statutes appear to be repugnant, but both can be construed together, both are given effect." (Internal quotation marks omitted.) *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 195, 554 A.2d 287 (1989).

The plain language of § 52-577a (b) provides that a third-party complaint must be served within one year from when the underlying action was returned to court. In its decision, the trial court properly considered § 52-102a in light of its relationship with § 52-577a (b), as required by § 1-2z. The court, *Noble, J.*, noted that "§ 52-102a mandates that the defendant receive the court's permission before serving a third-party complaint, and § 52-577[a] mandates that such complaint be served within one year of the return date." In reaching this conclusion, the court considered the reasoning of another Superior Court case, *Adgers* v. *Hines Sudden Service*, Superior Court, judicial district of Hartford, Docket No. CV-98-0577380 (September 20, 1999) (25 Conn. L. Rptr. 500), which noted that our Supreme Court in *Malerba* "construed §§ 52-102a (a) and 52-577a (b) *together* as providing the authority and procedure by which to implead third parties in a product liability action. . . . [C]onsistent with [our] Supreme Court's treatment of . . . §§ 52-102a and 52-577a (b) in *Malerba* . . . both statutes must be construed together and given effect. Therefore, a defendant who wishes to assert a claim against a third party in a product liability action must first move for permission to implead under . . . § 52-102a."[8] (Citation omitted; emphasis in original; internal quotation marks omitted.) The trial court in the present case similarly and correctly determined that Delaware was required to file a motion to implead under § 52-102a before filing a third-party complaint that had to be served within the one year statute of limitations of § 52-577a (b).

Delaware's argument that § 52-102a allows for the motion to implead to be filed at any time before trial therefore fails. Section 52-102a must be understood in

the context of its relationship to other statutes, and Delaware's argument overlooks this principle of statutory interpretation. Accordingly, the court did not err in reaching its conclusion.

III

Delaware finally claims that the trial court erred in concluding that the one year time limitation in § 52-577a implicates the jurisdiction of the court. Although Delaware served the third-party complaint on Fall River and Pennock within one year of the return date of the underlying action, under the court's correct conclusion that there must be strict compliance with both §§ 52-102a and 52-577a (b), Delaware was also required to file a motion to implead prior to serving the third-party complaint and within that one year time period. Delaware contends that because the one year time limitation is procedural, failure to comply with it does not deprive the court of jurisdiction. Therefore, it argues, the court improperly dismissed its complaint for lack of jurisdiction. We disagree.

Generally, "[a] claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense . . . ." (Internal quotation marks omitted.) *Greco* v. *United Technologies Corp.*, 277 Conn. 337, 344 n.12, 890 A.2d 1269 (2006). There is an exception to this general rule, however, as noted by our Supreme Court, when "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." (Internal quotation marks omitted.) Id., 345 n.12.

The trial court in the present case concluded that Delaware's failure to comply with the one year time limitation in § 52-577a (b) could be properly raised in a motion to dismiss. In support of its conclusion, the court cited Superior Court cases wherein the failure to comply with § 52-577a (b) was determined to deprive the court of personal jurisdiction. See *Iodice* v. *Ward Cedar Log Homes, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-12-6013844-S (September 17, 2015) (60 Conn. L. Rptr. 926) (concluding that § 52-577a (b) "implicates whether the court can exercise personal jurisdiction over a putative third-party defendant [and] [a] failure to comply with this requirement is therefore appropriately raised by way of a motion to dismiss"); *Barringer* v. *Whole Foods Market, Inc.*, Superior Court, judicial district of Hartford, Docket No. CV-09-6005918-S (July 14, 2011) (52 Conn. L. Rptr. 262) (determining that third-party complaint cannot be pursued in context of underlying product liability action unless it is commenced within time frame prescribed for that purpose by law); *Garrity* v. *First & Last Tavern, Inc.*, Superior Court, judicial district of Middlesex,

Docket No. CV-10-6002820-S (April 10, 2012) (53 Conn. L. Rptr. 771) (applying reasoning of *Barringer* and adjudicating motion to dismiss).

In contending that the time limit in § 52-577a (b) does not implicate the jurisdiction of the court, Delaware cites to our Supreme Court's decision in *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 848 A.2d. 418 (2004). In *Lostritto*, our Supreme Court examined General Statutes § 52-102b and whether the 120 day time limit contained within that statute implicated the court's jurisdiction.[9] Id., 12–14. To address this issue, the court developed a two part test: "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) Id., 19. Next, the court examined whether the time limit in § 52-102b was substantive or procedural, stating that, "[i]n order to determine whether the . . . time limitation is substantive or procedural . . . we must . . . ascertain whether [the statute] created a right that did not exist at common law." Id., 23. In other words, first we examine whether the statute's language is mandatory or directory, and then we determine whether the statute affects a right substantively or has a procedural purpose.

In applying this test, Delaware erroneously contends that § 52-577a (b) is directory. In support of this argument, Delaware relies on the permissive language of the statute that provides that a defendant "may" implead a third-party defendant. Delaware's reliance on that permissive language is misplaced. The plain language meaning of "may" in § 52-577a (b) is similar to that used in § 52-102a, as discussed previously in this opinion. The plain language of § 52-577a (b) provides that a party may choose to implead a third party, but is not required to. If a defendant elects to implead a party, however, it must serve the third-party complaint within the prescribed one year time period. The language of § 52-577a (b) makes plain that if a defendant seeks to implead a third-party defendant, the ability to do so is contingent on the third-party complaint being served within one year. Thus, the requirement of § 52-577a (b) to serve the third-party complaint within one year of the case being returned to court is mandatory, not directory.

Subsequent to the trial court's decision in this case, our Supreme Court in *King* v. *Volvo Excavators AB*, 333 Conn. 283, 294, 215 A.3d 149 (2019), determined

that the statute of limitations contained in § 52-577a is procedural because "the legislative history of the act [reveals] that the legislature was merely recasting an existing cause of action and was not creating a wholly new right for claimants harmed by a product. The intent of the legislature was to eliminate the complex pleading provided at common law: breach of warranty, strict liability and negligence." (Internal quotation marks omitted.) See also *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 525, 562 A.2d 1100 (1989) ("Section 52-577a does not create a right of action in the product liability context. That right of action is created by the common law or the product liability act. Thus, § 52-577a must be considered procedural.").

While the time limit in § 52-577a (b) is procedural, and not substantive, the court's jurisdiction was still implicated by Delaware's failure to comply with the statutory scheme of §§ 52-577a (b) and 52-102a. The plain language of § 52-577a (b) indicates that this subsection of the statute is a service provision. See *Lostritto* v. *Community Action Agency of New Haven, Inc.*, supra, 269 Conn. 32–33 (noting how legislature often uses term " 'service' " when delineating required procedure by which court gains jurisdiction over party). "[W]hen a particular method of serving process is set forth by statute, that method must be followed. . . . Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire [personal] jurisdiction." (Internal quotation marks omitted.) Id., 31.

As discussed previously in this opinion, the court correctly concluded that strict compliance with both §§ 52-102a and 52-577a (b) was required. Accordingly, in order to comply with the service procedures of § 52-577a (b), Delaware was required to serve the third-party complaint on Fall River and Pennock within one year from the date the underlying action was returned to court, *after* it filed a motion with the court seeking permission to implead the two parties pursuant to § 52-102a and received permission from the court. Its failure to do so was a jurisdictional defect that implicated personal jurisdiction. Although the third-party complaint was served in a timely manner, the service was defective because it did not comply with the statutory requirements, as we concluded in part II of this opinion.

The trial court correctly dismissed Delaware's third-party complaint due to its failure to implead properly Fall River and Pennock pursuant to §§ 52-102a and 52-577a and to bring the parties within the court's jurisdiction. Delaware was required to seek and receive the court's permission under § 52-102a before serving Fall River and Pennock with a third-party complaint. Subsequently seeking permission to implead after already having served the third-party complaint does not remedy the initial defect in service of process and retroac-

tively extend personal jurisdiction over Fall River and Pennock.

We note that personal jurisdiction, unlike subject matter jurisdiction, can be waived if not challenged by a motion to dismiss filed within thirty days of the filing of an appearance. See Practice Book § 10-30. Both Fall River and Pennock filed appearances shortly after the court granted Delaware's motion to implead on February 11, 2018. Fall River filed an appearance on February 22, 2018, and Pennock did so on March 14, 2018, and they each filed motions to dismiss within thirty days of their respective appearances. See Practice Book §10-30. Thus, both parties filed timely motions to dismiss.[10] The trial court did not err in dismissing the third-party complaint for lack of personal jurisdiction.[11]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] All involved parties are floral suppliers and wholesalers. Although Pennock Floral and Pennock Company d/b/a Pennock Floral were also listed separately as third-party defendants, we refer collectively to the three entities as "Pennock."

[2] The plaintiff filed an amended revised complaint on November 20, 2017, alleging that Fall River and Pennock were responsible for her injuries under General Statutes § 52-572m et seq. Subsequently, on February 23, 2018, the plaintiff filed an amended revised complaint, which again named Fall River and Pennock as defendants.

[3] General Statutes § 52-102a (a) provides: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."

[4] Practice Book § 10-11 (a) provides in relevant part: "A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to such defendant for all or part of the plaintiff's claim against him or her. Such a motion may be filed at any time before trial and such permission may be granted by the judicial authority if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action or work an injustice on the plaintiff or the party sought to be impleaded. . . ."

[5] On March 26 and 29, 2018, respectively, Fall River and Pennock filed motions to dismiss the counts of the plaintiff's amended revised complaint alleged against them. See footnote 2 of this opinion.

[6] General Statutes § 52-577a (b) provides: "In any [product liability] action, a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of the action brought under subsection (a) of this section is returned to court."

[7] The court also granted the motions filed by Fall River and Pennock to dismiss the plaintiff's claims against them set forth in her revised amended complaint. The plaintiff did not object to any of the motions, including the dismissal of her complaints against Fall River and Pennock. The plaintiff is not participating in this appeal.

[8] We note that *Malerba* involved the granting of a motion to strike addressing the sufficiency of the pleadings, and not a motion to dismiss implicating jurisdiction. *Malerba* v. *Cessna Aircraft Co.*, supra, 210 Conn. 191–92.

[9] Although our Supreme Court analyzed a different statute in *Lostritto*, the test developed by the court to determine if a time limit in a statute implicates the court's jurisdiction guides our analysis of the issues in the present case.

[10] Delaware also claims that because it ultimately filed the third-party complaint within one year, as well as the motions to implead, it complied with all statutory requirements and its action against Fall River and Pennock should not have been dismissed. In making this argument, Delaware overlooks a tenet of statutory construction that requires courts to construe a statute in a manner that will not lead to absurd results. "We are required to construe a statute in a manner that will not thwart [the legislature's] intended purpose or lead to absurd results. . . . We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve." (Internal quotation marks omitted.) *State* v. *Innamorato*, 76 Conn. App. 716, 722, 821 A.2d 809(2003). When Delaware filed only the third-party complaint against Fall River and Pennock, and failed to seek permission from the court by neglecting to file the motion to implead, neither was made a party to the action. In response to the third-party complaint, both parties attempted to file motions to dismiss but were unable to do so, however, because Fall River and Pennock were never included on the docket. Thus, because Delaware did not properly comply with the relevant statutory scheme, for nearly five months Fall River and Pennock were unable to participate in the litigation. This cannot be the result the legislature intended.

[11] We note that Delaware is not without an avenue for relief in the event that it is found liable for the injuries sustained by the plaintiff in the underlying tort action and Fall River or Pennock contributed to those injuries. See General Statutes § 52-572o.

---